IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, Inc.

    Plaintiff,

v.                                                                                  Civil Action No. 1:10-cv-00698

TAN-O-ON MARKETING, Inc., et al.

    Defendant.

**ANSWER TOPETITION FOR ENFORCEMENT OF USDA PACA ORDER AND AWARD OF DAMAGES, COMPLAINT FOR VIOLATION OF FEDERAL UNFAIR TR ADE PRACTICES PROVISION IN PACA (7 USC 499b), BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, MONEY OWED ON OPEN ACCOUNT, AND PRAYER FOR DECLARATORY RELIEF AND PIERCING OF THE CORPORATE VEIL**

COME NOW GERALD and JULIE ANDERSON by and through their attorney SHANNON ROBINSON and for their Answer state the following:

**PARTIES, JURISDICTION AND VENUE**

1. Defendants admit the allegation in paragraphs 1, 2, 3, 4 and 5 of the Petition.

2. Defendants deny the allegation in paragraph 6 of the Petition.

3. Defendants neither admit nor deny without more information in paragraph 7 of the Petition.

4. Defendants have no knowledge of activities of Hi Land Potato Company operating at the 2th Street address after September 1, 2009. The allegation in paragraph 8 of the Petition is therefore denied.

5. Defendants have no knowledge of activities of Hi Land Potato Company operating at the 2th Street address after September 1, 2009. The allegation in paragraph 9 of the Petition is therefore denied.

6. Defendants deny the allegations in paragraphs 10 and 11 of the Petition.

7. Defendants deny the allegations prior to September 1, 2009 however after September 1, 2009 the allegations in paragraph 12 of the Petition may be true.

8. Defendants deny the allegation on paragraph 13 of the Petition. Shannon Casey was President of Tan-O-On Marketing but Defendants no information concerning HiLand Potato Company.

9. Defendants cannot affirm or deny and state they have no information concerning the allegation in paragraph 14 of the Petition.

10. Defendants deny the allegation in paragraph 15 and 16 of the Petition.

11. Defendants deny paragraph 17 concerning events prior to September 1, 2009. Defendants neither affirms nor deny paragraph 17 of the Petition.

12. Defendants admit the allegation in paragraphs 18, 19, 20 and 21 of the Petition.

## FACT ALLEGATIONS COMM TO ALL CAUSES OF ACTION

13. Defendants reassert the allegations contained in paragraphs 1 through 22 by reference as though fully set forth herein.

14. Defendants admit the allegation contained in paragraphs 23, 24 and 25 of the Petition.

15. Defendants state they have no information on demands made as alleged in paragraph 26 of the Petition.

16. Defendants admit the allegation contained in paragraph 27 of the Petition.

17. Defendants deny as to any liability to cure the balance due on behalf of Gerald and Julie Anderson as contained in paragraph 28 of the Petition.

18. Defendants admit the allegations contained in paragraph 29 and 30 of the Petition.

19. Defendants deny as to Gerald and Julie Anderson the allegations contained in paragraph 31 in the Petition.

20. Defendants state all shares were sold to Shauna and Shannon Casey as contained in paragraph 32 in the Petition.

21. Defendants deny the allegations contained in paragraph 33 and 34 of the Petition.

22. Defendants admit the allegation contained in paragraph 35 of the Petition.

### COUNT I – PETITION FOR ENFORCEMENT OF ORDER AND COLLECTION UNER THE PACA T RUST
### 7 U.S.C Section 499e

23. Defendants reassert the allegations contained in paragraphs 1 through 36 by reference as though fully set forth herein.

24. Defendants deny as to Defendants Gerald and Julie Anderson all allegations contained in paragraph 37 of the Petition.

25. Defendants deny as to Defendant Gerald and Julie Anderson all allegations contained in paragraph 38 of the Petition.

26. Defendants deny the allegations contained in paragraphs 39 and 40 of the Petition.

27. Defendants state no information is available to them after September 1, 2010 therefore the allegation is denied as contained in paragraph 41 of the Petition.

28. This allegation appears to be true. How this was accomplished is unknown to Defendants Gerald and Julie Anderson and was done without their consent or authorization as to the allegations contained in paragraph 42 of the Petition.

29. Defendants Gerald and Julie Anderson deny individual liabilities as alleged in paragraph 43 of the Petition.

30. Defendants deny the allegation contained in paragraph 44 of the Petition.

31. This allegation appears to be true concerning the wasting of PACA assets, however Gerald and Julie Anderson deny liability or involvement in the scheme to defraud as stated in paragraph 45 of the Petition.

32. Defendants deny the allegations contained in paragraphs 46, 47, 48, 49 and 50 of the Petition.

## COUNT II: VIOLATION OF PACA UNFAIR BUSINESS CONDUCT PROVISION
## 7 U.S.C. Sections 499b

33. Defendants reassert the allegations contained in paragraphs 1 through 51 by reference as though fully set forth herein.

34. Defendants deny the allegations contained in paragraphs 52, 53, 54, 55 and 56 of the Petition.

## COUNT II: BREACH OF WRITTEN CONTRACT

35. Defendants reassert the allegations contained in paragraphs 1 through 57 by reference as though fully set forth herein.

36. Defendants deny the allegations contained in paragraph 58, 59, 60, 61, 62 and 64 of the Petition.

37. Defendants admit the allegation contained in paragraph 63 of the Petition.

## COUNT III-BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

38. Defendants reassert the allegations contained in paragraphs 1 through 65 by reference as though fully set forth herein.

39. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 66 of the Petition.

40. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 67 of the Petition.

41. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 68 of the Petition.

42. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 69 of the Petition.

43. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 70 of the Petition.

44. Defendants admit the allegations contained in paragraph 71 of the Petition.

45. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 72 of the Petition.

46. Defendants deny the allegations contained in paragraph 73 and 74 of the Petition.

47. Defendants admit the allegations contained in paragraph 75 of the Petition.

48. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 76 of the Petition.

## COUNT IV: QUANTUM MERIUT

49. Defendants reassert the allegations contained in paragraphs 1 through 77 by reference as though fully set forth herein.

50. Defendants Gerald and Julie Anderson received nothing from the sale of Plaintiffs' produce as stated in paragraph 78 of the Petition.

51. Defendants Gerald and Julie Anderson received nothing from the sale of Plaintiffs' produce as stated in paragraph 79 of the Petition.

## COUNT V: CONVERSION

52. Defendants reassert the allegations contained in paragraphs 1 through 80 by reference as though fully set forth herein.

53. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 81 of the Petition.

54. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 82 of the Petition.

55. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 83 of the Petition.

56. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 84 of the Petition.

### COUNT VI: FRAUD

57. Defendants reassert the allegations contained in paragraphs 1 through 85 by reference as though fully set forth herein.

58. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 86 of the Petition.

59. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 87 of the Petition.

60. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 88 of the Petition.

61. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 89 of the Petition.

62. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 90 of the Petition.

63. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 91 of the Petition.

64. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 92 of the Petition.

## COUNT VII: MONEY DUE ON AN OPEN ACCOUNT

65. Defendants reassert the allegations contained in paragraphs 1 through 93 by reference as though fully set forth herein.

66. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 94 of the Petition.

67. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 95 of the Petition.

## COUNT VIII
## PRAYER FOR THE REMEDY OF "PEIRCING THE CORPORATIVE VEIL"

68. Defendants reassert the allegations contained in paragraphs 1 through 96 by reference as though fully set forth herein.

69. Defendants admit the allegations contained in paragraph 97 of the Petition.

70. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 98 of the Petition.

71. Defendants state this may be a true allegation after September 10, 2009 when Gerald and Julie Anderson no longer had control of Tan-O-On Marketing, Inc. as alleged in paragraph 99 of the Petition.

72. Defendants deny allegations concerning events after September 1, 2009 when fraud occurred contained in paragraph 100 of the Petition.

73. Defendants deny allegation concerning events after September 1, 2009 when fraud occurred contained in paragraph 101 of the Petition.

74. No knowledge to an answer for Carl Worley as contained in paragraph 102 of the Petition therefore the paragraph is denied.

75. Defendants Gerald and Julie Anderson deny the allegation contained in paragraph 103 of the Petition.

76. Defendants Gerald and Julie Anderson deny the allegation contained in paragraph 104 of the Petition

77. Defendants deny the allegation contained in paragraph 105 of the Petition

78. Defendants Gerald and Julie Anderson deny the allegations contained in paragraph 106, 107, 108, 109 and 110 of the Petition

## PRAYER FOR RELIEF

WHEREFORE the matter should be dismissed as to Defendants Gerald and Julie Anderson.

Respectfully submitted,

SHANNON ROBINSON
Attorney for Gerald & Julie Anderson
1121 4th St. N.W., Suite 1-A
Albuquerque, New Mexico 87102
(505) 998-6600
(505) 998-6603 facsimile

I hereby certify that a copy of the foregoing was delivered to opposing counsel this ____ day of September, 2010.

SHANNON ROBINSON