IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, Inc.,

      Plaintiff,

v.                                                                                  Civil Action No. 1:10-cv-00698

TAN-O-ON MARKETING, Inc., et al.
GERALD and JULIE ANDERSON,

      Defendants.

GERALD and JULIE ANDERSON,

      Cross-Claimants,

v.

HI-LAND POTATO COMPANY, Inc.
and CARL WORLEY,

      Cross-Defendants.

## MOTION TO FILE AN AMENDED ANSWER AND CROSS-CLAIM

      COME NOW GERALD and JULIE ANDERSON by and through their attorney SHANNON ROBINSON and move this Court pursuant to Federal Civil Procedure Local Rule 15 and 15.1 to file an Amended Answer which is attached to this Motion and Exhibit "C" and Counter Claim and state as grounds therefore the following:

    1.      That Plaintiff Skyline Potato Company, Inc. is abandoning fraud claims by Hi-Land Potato Company, Inc. and Carl Worley.

    2.      Gerald and Julie Anderson have a claim against Co-Defendants Hi-Land Potato Company, Inc. and Carl Worley which they were

        expecting to be proven by Plaintiff Skyline Potato Company, Inc. but are now abandoned.

3.     Defendants Gerald and Julie Anderson now allege that Cross Defendants Hi-Land Potato Company, Inc. and Carl Worley are perpetrators of a fraud on Gerald and Julie Anderson through a scheme to use Tan-O-On Marketing, Inc. as a shell corporation to place PACA orders for perishable goods and not pay the shipper.

4.     During his personal bankruptcy proceedings Shannon Casey was asked under oath whether the letter announcing a merger or transfer of marketing opportunities to Hi-Land Potato Company, Inc. actually occurred.  Under oath Mr. Casey denied the letter stating this intention ever reached fruition and that it was a business plan that actually was abandoned or never happened.  That letter is attached hereto as Exhibit "A"

5.     Defendants have received evidence through recent PACA filings for nonpayment that would indicate that Hi-Land Potato Company, Inc. did in fact place PACA orders using the name of Tan-O-On Marketing, Inc. even though the name of the billing is Tanoon Marketing, Inc. the address is correct.  An example of a potato shipping order is attached hereto as Exhibit "B" to this Motion.

6.     This is proof of a larger corporate fraud that violates the PACA rules and regulations and the laws of interstate commerce perpetrated by Hi-Land Potato Company, Inc. and owner Carl Worley.

7. Exhibit "B" is just one example of fraud perpetrated by Defendants Hi-Land Potato Company, Inc. and Carl Worley. Skyline Potato is one of the victims of this fraud and Gerald and Julie Anderson are also victims.

8. The Answer filed by Defendants Gerald and Julie Anderson admitted that fraud was likely to have occurred concerning Tan-O-On Marketing, Inc. however after September 1, 2009 when they could not exercise control over the finances of Tan-O-On Marketing, Inc.

9. If Skyline Potato Company, Inc. wishes to abandon the fraud action they alleged through a sworn complaint then Defendants Gerald and Julie Anderson must assert the fraud claim themselves as individual victims.

WHEREFORE, Cross Defendants Gerald and Julie Anderson move this Court pursuant to Federal Civil Procedure Local Rule15 and 15.1 for an Order granting them to file an Amended Answer and Cross-Claim which is attached to this Motion as Exhibit "C".

          Respectfully submitted,

          SHANNON ROBINSON
          Attorney for Gerald & Julie Anderson
          1121 4th St. N.W., Suite 1-A
          Albuquerque, New Mexico 87102
          (505) 998-6600
          (505) 998-6603 facsimile

I hereby certify that a copy of the foregoing
was delivered to opposing counsel this
\_\_7\_\_ day of October, 2010.

_____
SHANNON ROBINSON

12/28/2009

To: Terry Wright and TMI Northwest and TW Logistics

From: Shannon Casey and TMI

RE: Consolidation of TMI

208-585-7107

As you are all aware there has been some turmoil in regards to my purchase of the company. Due to the nature of these problems I have had to search for alternative ways to conduct business and for the time being that has been to operate from Hi Land Potato Co. in Monte Vista. We have had meetings here to discuss the best possible way to operate and service our customers and being in house sales persons operating as an outside sales company is not the best way to do this. With that in mind we will be consolidating Tan-O-on Marketing, Inc. with Hi Land Potato Co. to become simply that, Hi Land Potato Co. The target date for this is January 15th, 2010.

With this being said it has come as a unanimous decision that we will cease operations of TMI NW effective the same date. This has been a gut wrenching decision for me to make, however, these are not my decisions to make any longer only my responsibility to execute the decisions as they pertain to TMI. I am certain that there are many questions in regards to this and over time there will be more, I will do my best to address the largest of the issues with this memo.

1. All salaries and commissions on paid invoices will be paid and as invoices are paid after the 15th of January those will be taken care of as well.
2. All vendors will be paid, I want to be clear this is a consolidation this is not bankruptcy or closing the doors on the business and I do not want this to be poised this way to the vendor community.
3. This is not a performance issue nor is it personal or malicious in any regards, TW Logistics and TMI have had a strong working relationship for the last 3+ years and I would expect that at the very least a cordial relationship after we cease operations.
4. An issue of ethics is involved here as well and it is my hope that no malicious information is spread in regards to TMI or its directors and to further that I would hope that no false or damaging information be spoken of Hi Land Potato Co.

I do realize that this is a tough pill to swallow and if I had to write this chapter personally this is not the way that I would have it end up. I will do all that I can to support and back everyone affected by this unfortunate set of circumstances. Please call me at anytime if you have anything further to discuss.

Respectfully,



EXHIBIT A

HI-LAND POTATO COMPANY, INC  
2468 EAST CTY RD 6 NORTH  
MONTE VISTA, CO 81144



# Invoice

| Date | Invoice # |
|---|---|
| 4/21/2010 | 1080H |

**Bill To**  
Tanoon Marketing Inc.  
7110 2ND STREET NW #104  
ALBUQUERUQE, NM 87107

**Ship To**  
RIVER CITY PRODUCE  
1616 SO. LAREDO STREET  
SAN ANTONIO, TX 78207

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| 1462 | | | 11/2/2009 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | Potato Sales | LOAD SHIPPED ON 11/02/09<br>RIVER CITY #188080 | 4,362.37 | 4,362.37 |

**Total** $4,362.37

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, Inc.,

    Plaintiff,

v.                                       Civil Action No. 1:10-cv-00698

TAN-O-ON MARKETING, Inc., et al.
GERALD and JULIE ANDERSON,

    Defendants.

GERALD and JULIE ANDERSON,

    Cross-Claimants,

v.

HI-LAND POTATO COMPANY, Inc.
and CARL WORLEY,

    Cross-Defendants

**<u>AMENDED ANSWER TO PETITION FOR ENFORCEMENT OF USDA PACA ORDER AND AWARD OF DAMAGES, COMPLAINT FOR VIOLATION OF FEDERAL UNFAIR TR ADE PRACTICES PROVISION IN PACA (7 USC 499b), BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, MONEY OWED ON OPEN ACCOUNT, AND PRAYER FOR DECLARATORY RELIEF AND PIERCING OF THE CORPORATE VEIL<br>CROSS CLAIM</u>**

COME NOW GERALD and JULIE ANDERSON by and through their attorney

SHANNON ROBINSON and for their Amended Answer state the following:

**<u>PARTIES, JURISDICTION AND VENUE</u>**

1. Defendants admit the allegation in paragraphs 1, 2, 3, 4 and 5 of the Petition.

2. Defendants deny the allegation in paragraph 6 of the Petition.


EXHIBIT C

3. Defendants neither admit nor deny without more information in paragraph 7 of the Petition.

4. Defendants have no knowledge of activities of Hi Land Potato Company operating at the $2^{th}$ Street address after September 1, 2009. The allegation in paragraph 8 of the Petition is therefore denied.

5. Defendants have no knowledge of activities of Hi Land Potato Company operating at the $2^{th}$ Street address after September 1, 2009. The allegation in paragraph 9 of the Petition is therefore denied.

6. Defendants deny the allegations in paragraphs 10 and 11 of the Petition.

7. Defendants deny the allegations prior to September 1, 2009 however after September 1, 2009 the allegations in paragraph 12 of the Petition may be true.

8. Defendants deny the allegation on paragraph 13 of the Petition. Shannon Casey was President of Tan-O-On Marketing but Defendants no information concerning HiLand Potato Company.

9. Defendants cannot affirm or deny and state they have no information concerning the allegation in paragraph 14 of the Petition.

10. Defendants deny the allegation in paragraph 15 and 16 of the Petition.

11. Defendants deny paragraph 17 concerning events prior to September 1, 2009. Defendants neither affirms nor deny paragraph 17 of the Petition.

12. Defendants admit the allegation in paragraphs 18, 19, 20 and 21 of the Petition.

## FACT ALLEGATIONS COMM TO ALL CAUSES OF ACTION

13. Defendants reassert the allegations contained in paragraphs 1 through 22 by reference as though fully set forth herein.

14. Defendants admit the allegation contained in paragraphs 23, 24 and 25 of the Petition.

15. Defendants state they have no information on demands made as alleged in paragraph 26 of the Petition.

16. Defendants admit the allegation contained in paragraph 27 of the Petition.

17. Defendants deny as to any liability to cure the balance due on behalf of Gerald and Julie Anderson as contained in paragraph 28 of the Petition.

18. Defendants admit the allegations contained in paragraph 29 and 30 of the Petition.

19. Defendants deny as to Gerald and Julie Anderson the allegations contained in paragraph 31 in the Petition.

20. Defendants state all shares were sold to Shauna and Shannon Casey as contained in paragraph 32 in the Petition.

21. Defendants deny the allegations contained in paragraph 33 and 34 of the Petition.

22. Defendants admit the allegation contained in paragraph 35 of the Petition.

## COUNT I – PETITION FOR ENFORCEMENT OF ORDER AND COLLECTION UNER THE PACA T RUST
## 7 U.S.C Section 499e

23. Defendants reassert the allegations contained in paragraphs 1 through 36 by reference as though fully set forth herein.

24. Defendants deny as to Defendants Gerald and Julie Anderson all allegations contained in paragraph 37 of the Petition.

25. Defendants deny as to Defendant Gerald and Julie Anderson all allegations contained in paragraph 38 of the Petition.

26. Defendants deny the allegations contained in paragraphs 39 and 40 of the Petition.

27. Defendants state no information is available to them after September 1, 2010 therefore the allegation is denied as contained in paragraph 41 of the Petition.

28. This allegation appears to be true. How this was accomplished is unknown to Defendants Gerald and Julie Anderson and was done without their consent or authorization as to the allegations contained in paragraph 42 of the Petition.

29. Defendants Gerald and Julie Anderson deny individual liabilities as alleged in paragraph 43 of the Petition.

30. Defendants deny the allegation contained in paragraph 44 of the Petition.

31. This allegation appears to be true concerning the wasting of PACA assets, however Gerald and Julie Anderson deny liability or involvement in the scheme to defraud as stated in paragraph 45 of the Petition.

32. Defendants deny the allegations contained in paragraphs 46, 47, 48, 49 and 50 of the Petition.

### COUNT II: VIOLATION OF PACA UNFAIR BUSINESS CONDUCT PROVISION
### 7 U.S.C. Sections 499b

33. Defendants reassert the allegations contained in paragraphs 1 through 51 by reference as though fully set forth herein.

34. Defendants deny the allegations contained in paragraphs 52, 53, 54, 55 and 56 of the Petition.

## COUNT II: BREACH OF WRITTEN CONTRACT

35. Defendants reassert the allegations contained in paragraphs 1 through 57 by reference as though fully set forth herein.

36. Defendants deny the allegations contained in paragraph 58, 59, 60, 61, 62 and 64 of the Petition.

37. Defendants admit the allegation contained in paragraph 63 of the Petition.

## COUNT III-BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

38. Defendants reassert the allegations contained in paragraphs 1 through 65 by reference as though fully set forth herein.

39. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 66 of the Petition.

40. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 67 of the Petition.

41. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 68 of the Petition.

42. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 69 of the Petition.

43. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 70 of the Petition.

44. Defendants admit the allegations contained in paragraph 71 of the Petition.

45. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 72 of the Petition.

46. Defendants deny the allegations contained in paragraph 73 and 74 of the Petition.

47. Defendants admit the allegations contained in paragraph 75 of the Petition.

48. Gerald and Julie Anderson were not in control of the corporation at the time that the alleged fraud occurred and therefore deny paragraph 76 of the Petition.

## COUNT IV: QUANTUM MERIUT

49. Defendants reassert the allegations contained in paragraphs 1 through 77 by reference as though fully set forth herein.

50. Defendants Gerald and Julie Anderson received nothing from the sale of Plaintiffs' produce as stated in paragraph 78 of the Petition.

51. Defendants Gerald and Julie Anderson received nothing from the sale of Plaintiffs' produce as stated in paragraph 79 of the Petition.

## COUNT V: CONVERSION

52. Defendants reassert the allegations contained in paragraphs 1 through 80 by reference as though fully set forth herein.

53. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 81 of the Petition.

54. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same

scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 82 of the Petition.

55. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 83 of the Petition.

56. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 84 of the Petition.

## COUNT VI: FRAUD

57. Defendants reassert the allegations contained in paragraphs 1 through 85 by reference as though fully set forth herein.

58. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 86 of the Petition.

59. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 87 of the Petition.

60. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same

scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 88 of the Petition.

61. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 89 of the Petition.

62. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 90 of the Petition.

63. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 91 of the Petition.

64. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 92 of the Petition.

**COUNT VII: MONEY DUE ON AN OPEN ACCOUNT**

65. Defendants reassert the allegations contained in paragraphs 1 through 93 by reference as though fully set forth herein.

66. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same

scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 94 of the Petition.

67. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 95 of the Petition.

## COUNT VIII
## PRAYER FOR THE REMEDY OF "PEIRCING THE CORPORATIVE VEIL"

68. Defendants reassert the allegations contained in paragraphs 1 through 96 by reference as though fully set forth herein.

69. Defendants admit the allegations contained in paragraph 97 of the Petition.

70. Defendants Gerald and Julie Anderson never received the subject produce nor were they a party to the sale. Gerald and Julie Anderson were victims of the same scheme to defraud that subjected Plaintiffs to this loss as alleged in paragraph 98 of the Petition.

71. Defendants state this may be a true allegation after September 10, 2009 when Gerald and Julie Anderson no longer had control of Tan-O-On Marketing, Inc. as alleged in paragraph 99 of the Petition.

72. Defendants deny allegations concerning events after September 1, 2009 when fraud occurred contained in paragraph 100 of the Petition.

73. Defendants deny allegation concerning events after September 1, 2009 when fraud occurred contained in paragraph 101 of the Petition.

74. No knowledge to an answer for Carl Worley as contained in paragraph 102 of the Petition therefore the paragraph is denied.

75. Defendants Gerald and Julie Anderson deny the allegation contained in paragraph 103 of the Petition.

76. Defendants Gerald and Julie Anderson deny the allegation contained in paragraph 104 of the Petition

77. Defendants deny the allegation contained in paragraph 105 of the Petition

78. Defendants Gerald and Julie Anderson deny the allegations contained in paragraph 106, 107, 108, 109 and 110 of the Petition

### PRAYER FOR RELIEF

WHEREFORE the matter should be dismissed as to Defendants Gerald and Julie Anderson.

### CROSS-CLAIM FOR FRAUD

COME NOW Defendants Cross-Claimants Gerald and Julie Anderson by and through their attorney SHANNON ROBINSON and state:

1. That this Court has in personam and subject matter jurisdiction over Cross-Defendants Hi-Land Potato Company, Inc. and Carl Worley.

2. Cross-Claimants allege Tan-O-On Marketing, Inc. was acquired by Cross Defendants Hi-Land Potato Company, Inc. and Carl Worley or in the alternative Cross-Defendants used the name and authority of Tan-O-On Marketing, Inc. through Shannon Casey and made multiple false orders to ship perishable commodities in the name of Tan-O-On Marketing, Inc. and using their PACA account and collected the money as an asset of Hi-Land Potato Company, Inc. and did not tender payment to the suppliers Skyland

Potato Company, Inc. Plaintiff in this cause of action was one of the victims of the fraudulent practice this initiating thus cause of action.

3. Cross-Claimants Gerald and Julie Anderson are being accused of nonpayment of PACA orders for shopping perishable goods all to their damage due solely to the fraudulent actions of Cross-Defendants Hi-Land Potato Company, Inc. and Carl Worley who converted the funds.

4. Cross-Claimants Gerald and Julie Anderson claim damages to their reputation for fair dealing in the Potato Industry due to the actions of Hi-Land Potato Company, Inc. and Carl Worley in an amount to be proven by the evidence.

5. Cross-Claimants Gerald and Julie Anderson are now accused of absconding with the proceeds of multiple deliveries of perishable commodities shipped in the name of Tan-O-On Marketing, Inc. without their knowledge or authority or assistance.

6. Cross-Defendants seek recovery in an amount to be proven by the evidence from Cross-Defendants Hi-Land Potato Company, Inc. and Carl Worley for the proceeds of shipments made in the name of Tan-O-On Marketing, Inc. using the Tan-O-On Marketing PACA account. Wherein the monies received from the shipment were diverted to Hi-Land Potato Company, Inc. and Carl Worley rather than paying the potato suppliers.

7. Cross-Claimants Gerald and Julie Anderson seek recovery of monies fraudulently converted by Hi-Land Potato Company, Inc. in order to repay debts owed through PACA regulations to actual potato suppliers. The fraud

perpetrated by Cross-Defendants Hi-Land Potato Company, Inc. damaged Cross-Claimants in an amount to be proven by the evidence.

8. Cross-Claimants Gerald and Julie Anderson seek indemnification from all liability related to all allegations in Counts I through VIII of the above entitled cause of actions in an amount to be proven by the evidence.

9. The actions of Cross-Defendants Hi-Land Potato Company, Inc. and Carl Worley were intentional, malicious, wanton and reckless in using an elaborate scheme to defraud Gerald and Julie Anderson which malicious acts constitute fraud and entitled Gerald and Julie Anderson to an award of punitive damages in the amount of one million dollars.

Respectfully submitted,

SHANNON ROBINSON
Attorney for Gerald & Julie Anderson
1121 4th St. N.W., Suite 1-A
Albuquerque, New Mexico 87102
(505) 998-6600
(505) 998-6603 facsimile

I hereby certify that a copy of the foregoing was delivered to opposing counsel this 7 day of October, 2010.

SHANNON ROBINSON

12/28/2009

To: Terry Wright and TMI Northwest and TW Logistics

From: Shannon Casey and TMI

208-585-7107

RE: Consolidation of TMI

As you are all aware there has been some turmoil in regards to my purchase of the company. Due to the nature of these problems I have had to search for alternative ways to conduct business and for the time being that has been to operate from Hi Land Potato Co. in Monte Vista. We have had meetings here to discuss the best possible way to operate and service our customers and being in house sales persons operating as an outside sales company is not the best way to do this. With that in mind we will be consolidating Tan-O-on Marketing, Inc. with Hi Land Potato Co. to become simply that, Hi Land Potato Co. The target date for this is January 15th, 2010.

With this being said it has come as a unanimous decision that we will cease operations of TMI NW effective the same date. This has been a gut wrenching decision for me to make, however, these are not my decisions to make any longer only my responsibility to execute the decisions as they pertain to TMI. I am certain that there are many questions in regards to this and over time there will be more, I will do my best to address the largest of the issues with this memo.

1. All salaries and commissions on paid invoices will be paid and as invoices are paid after the 15th of January those will be taken care of as well.
2. All vendors will be paid, I want to be clear this is a consolidation this is not bankruptcy or closing the doors on the business and I do not want this to be poised this way to the vendor community.
3. This is not a performance issue nor is it personal or malicious in any regards, TW Logistics and TMI have had a strong working relationship for the last 3+ years and I would expect that at the very least a cordial relationship after we cease operations.
4. An issue of ethics is involved here as well and it is my hope that no malicious information is spread in regards to TMI or its directors and to further that I would hope that no false or damaging information be spoken of Hi Land Potato Co.

I do realize that this is a tough pill to swallow and if I had to write this chapter personally this is not the way that I would have it end up. I will do all that I can to support and back everyone affected by this unfortunate set of circumstances. Please call me at anytime if you have anything further to discuss.

Respectfully,



EXHIBIT A

**HI-LAND POTATO COMPANY, INC.**
2468 EAST CTY RD 6 NORTH
MONTE VISTA, CO 81144



# Invoice

| Date | Invoice # |
|---|---|
| 4/21/2010 | 1080H |

| Bill To |
|---|
| Tanoon Marketing Inc.<br>7110 2ND STREET NW #104<br>ALBUQUERUQE, NM 87107 |

| Ship To |
|---|
| RIVER CITY PRODUCE<br>1616 SO. LAREDO STREET<br>SAN ANTONIO, TX 78207 |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| 1462 | | | 11/2/2009 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | Potato Sales | LOAD SHIPPED ON 11/02/09<br>RIVER CITY #188080 | 4,362.37 | 4,362.37 |

**Total**   $4,362.37

EXHIBIT
B