IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,

       Plaintiff,

vs.                                                                    No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
HI-LAND POTATO COMPANY, INC.;
GERALD R. ANDERSON; JULIE A.
ANDERSON; MARK LOUNSBURY; BILL
METZ; and CARL WORLEY,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on: (i) the Motion to Dismiss as to Defendant Bill

Metz, filed September 13, 2010 (Doc. 7); (ii) the Motion to Dismiss as to Defendant Mark

Lounsbury, filed September 13, 2010 (Doc. 9); (iii) the Unopposed Motion to Dismiss Defendants

Hiland[1] Potato Company, Mark Lounsbury, Bill Metz, and Carl Worley Without Prejudice, filed

September 22, 2010 (Doc. 12); and (iv) Defendant Gerald and Julie Anderson's Motion to File

Answer and Cross-Claim, filed October 7, 2010 (Doc. 17).  The primary issues are: (i) whether the

Court should dismiss Plaintiff Skyline Potato Company, Inc.'s Petition for Enforcement of USDA

PACA Order and Award of Damages; Complaint for Violation of Federal Unfair Trade Practices

Provision in PACA (7 U.S.C. § 499b), Breach of Contract, Breach of Covenant of Good Faith and

Fair Dealing, Fraud, Money Owed on Open Account, and Prayer for Declaratory Relief and Piercing

of the Corporate Veil, filed July 23, 2010 (Doc. 2)("Complaint"), against Defendants Hi-Land

---

[1] The briefs spell Hi-Land as Hiland at times.  Because the preferred spelling appears to be
Hi-Land, the Court will use that spelling.

Potato Company ("Hi-Land Potato"), Mark Lounsbury, Bill Metz, and Carl Worley without prejudice; and (ii) whether the Court should allow Defendants Gerald R. Anderson and Julie A. Anderson to file an Amended Answer and Crossclaim, asserting fraud claims against Hi-Land Potato and Worley that Skyline Potato wishes to abandon.

## FACTUAL BACKGROUND

In its Complaint, Skyline Potato alleges that it "sold produce in interstate commerce to [Defendant] Tan-O-On [Marketing, Inc. d/b/a TMI ("TMI")] and/or on behalf of Tan-O-On, of which $82,282.39 remains unpaid." Complaint ¶ 24, at 5. Skyline Potato contends that it made timely demands for payment from TMI and the other individual Defendants, and that it gave written notice of its intent to preserve Perishable Agricultural Commodities Act, 7 U.S.C. § 499e ("PACA"), trust benefits from TMI. See Complaint ¶¶ 26-27, at 5. According to Skyline Potato, the Secretary of Agriculture of the United States Department of Agriculture issued a reparation Order and Award that provided TMI is indebted to Skyline Potato for $81,282.39, and PACA filing fees and interest. See Complaint ¶ 29, at 5-6. Skyline Potato states that, because PACA allows the Secretary of Agriculture's findings and orders to be prima-facie evidence of the facts set forth therein, the order and award are prima-facie evidence of TMI's indebtedness to it. See Complaint ¶ 30, at 6. Skyline Potato further alleges that, under PACA, if a license holder's assets are insufficient to repay a PACA order, shareholders and directors become secondarily liable to repay the order. See Complaint ¶ 31, at 6. Skyline Potato alleges that the Andersons entered into a stock purchase agreement through which they would sell shares of TMI to Shawna Casey and Shannon Casey, and that the Andersons later entered into an addendum to that agreement which stated that they would continue to have a substantial, vested interest in TMI until the amounts payable under the stock purchase agreement were paid. See Complaint ¶¶ 32-33, at 6. Skyline Potato alleges that the amounts payable under the

stock purchase agreement and addendum were not paid in full; therefore, "at all times relevant to this action, [the Andersons] were officers, directors, or employees of [TMI]."  Complaint ¶ 34, at 6.

## PROCEDURAL BACKGROUND

On July 23, 2010, Skyline Potato filed its Petition for Enforcement of USDA PACA Order and Award of Damages; Complaint for Violation of Federal Unfair Trade Practices Provision in PACA (7 USC 499b), Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Fraud, Money Owed on Open Account, and Prayer for Declaratory Relief and Piercing of the Corporate Veil against TMI, Hi-Land Potato, G. Anderson, J. Anderson, Mark Lounsbury, Bill Metz, and Carl Worley.  See Doc. 2.  The Complaint's caption names Metz and Lounsbury, but the Complaint does not include any factual or legal allegations against Metz or Lounsbury.  See Complaint ¶¶ 22-110, at 5-16.  The body of the Complaint does not identify Metz or Lounsbury as a parties to the case.  See Complaint ¶¶ 1-21, at 2-5.  Metz and Lounsbury were, however, served with the Complaint on July 30, 2010.

On September 13, 2010, Metz and Lounsbury filed their Motions to Dismiss, asking the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint against them, because it fails to state claims against them upon which relief can be granted.  See Docs. 7, 9.  No party has filed a response or otherwise indicated opposition to these two motions. Hi-Land Potato filed its Individual Answer on September 14, 2010, see Doc. 10, and Worley filed his Individual Answer later the same day, see Doc. 11.  The Andersons filed their Answer to Petition for Enforcement of USDA PACA Order and Award of Damages, Complaint for Violation of Federal Unfair Trade Practices Provision in PACA (7 U.S.C. § 499b), Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Fraud, Money Owed on Open Account, and Prayer for

Declaratory Relief and Piercing of the Corporate Veil on September 24, 2010.  <u>See</u> Doc. 13.

On September 22, 2010, Skyline Potato filed an Unopposed Motion to Dismiss Defendants Hiland Potato Company, Mark Lounsbury, Bill Metz, and Carl Worley Without Prejudice.  <u>See</u> Doc. 12.  In its Motion to Dismiss, Skyline Potato states that, before filing its Complaint, it in good faith, upon information and belief, believed that Hi-Land Potato, Lounsbury, Metz, and Worley ("the Hi-Land Defendants") were involved in TMI, but that, after a thorough investigation into the Hi-Land Defendants, it no longer believes they should be parties in the action.  <u>See</u> Motion to Dismiss at 1.  In the Motion to Dismiss, Skyline stated that it sought and obtained the concurrence of the Hi-Land Defendants.  <u>See</u> Motion to Dismiss at 2.  Skyline further stated that it sought the Andersons' concurrence, but had not obtained the Andersons' concurrence at the time of filing.  <u>See</u> Motion at Dismiss at 2.

While the Andersons did not file a formal response, on October 7, 2010, they filed a Motion in Opposition to Dismissal of Hiland Potato Company, Inc. and Carl Worley.  <u>See</u> Doc. 16 ("Response").  The clerk's office for the District of New Mexico discussed this pleading with the Andersons' counsel, and upon the information received in that discussion, the clerk's office terminated this pleading as a motion and labeled it as a response.  The Court will therefore treat this document as a response.  In their Response, the Andersons state that, in its Complaint, Skyline Potato alleged fraudulent conduct by Hi-Land Potato and Worley, and that, because the Andersons have found evidence that indicates those allegations are true, they object to the dismissal of Hi-Land Potato and Worley, as they believe Hi-Land Potato and Worley are "perpetrators of a fraud on [the Andersons]."  Response at 1-2.  The Andersons conclude by stating that they object to Skyline Potato's Motion to Dismiss, and will move the Court to allow them to file an Amended Answer and Crossclaim so that they can assert a fraud claim against Hi-Land Potato and Worley.  <u>See</u> Response

at 3.

That same day, the Andersons moved the Court, under rules 15 and 15.1 of the District of New Mexico's Local Rules, to allow them to file an Amended Answer and Crossclaim. <u>See</u> Motion to File an Amended Answer and Cross-Claim, filed October 7, 2010 (Doc. 17). The Andersons ask leave to amend their Answer to "allege that Cross Defendants Hi-Land [Potato] . . . and . . . Worley are perpetrators of a fraud on [G.] and [J.] Anderson" by using TMI as a shell corporation that placed PACA orders for perishable goods and did not pay shippers, because Skyline Potato is abandoning its fraud claims against Hi-Land Potato and Worley. <u>See</u> Motion to File Amended Answer and Crossclaims at 1-2. The Andersons contend that they have "received evidence" indicating that Hi-Land Potato placed PACA orders using the name of TMI, and that there is proof that Hi-Land Potato and Worley perpetrated "corporate fraud that violates PACA rules and regulations." Motion to File Amended Answer and Crossclaims at 2. The Andersons state that their Answer to the Complaint "admitted that fraud was likely to have occurred concerning [TMI] . . . after September 1, 2009 when they could not exercise control over [TMI's] finances." Motion to File Amended Answer and Crossclaims at 3. G. Anderson and J. Anderson attached exhibits to their Motion to File Amended Answer that they allege are evidence that Hi-Land Potato and Worley perpetrated fraud.

On October 18, 2010, Skyline Potato, the Andersons, Hi-Land Potato, and Worley filed a Joint Stipulation for an Extension of Time for Hi-Land Potato Company and Carl Worley to Respond to Defendants Gerald and Julie Anderson's Motions to File an Amended Answer and Opposition to Motion to Dismiss. <u>See</u> Doc. 19 ("Joint Stipulation"). The moving parties stipulated and moved for an order extending the deadline for the Hi-Land Defendants to respond to the Anderson Defendants' Motion to File Amended Answer and Crossclaims until November 15, 2010.

See Joint Stipulation at 1.  The moving parties stipulated that: (i) Skyline Potato filed its Unopposed Motion to Dismiss on September 22, 2010; and (ii) the Andersons filed their motion on October 1, 2010.  See Joint Stipulation at 1-2.  The moving parties represented that they requested this extension because the counsel for the Hi-Land Defendants had a conflict and, therefore, the Hi-Land Defendants needed additional time to retain new counsel.  See Joint Stipulation at 2.  By the stipulation, Skyline Potato, the Andersons, Hi-Land Potato, and Worley agreed that the Hi-Land Defendants' deadline to respond to the Andersons' Motion to File Amended Answer and Crossclaims would be November 15, 2010.  See Joint Stipulation at 2.  On October 21, 2010, the Court, after considering the Joint Stipulation, entered an order granting the motion to extend the time for the Hi-Land Defendants to respond to the Andersons' Motion to File Amended Answer and Crossclaims.  See Order, filed October 21, 2010 (Doc. 20). Despite the extension, the Hi-Land Defendants have not filed any response to the Andersons' Motion to File Amended Answer.

## LAW REGARDING RULE 12(b)(6)

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citation omitted).  The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Smith v. United States, 561 F.3d 1090, 1097 (10th Cir. 2009); Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).  A complaint challenged by a rule 12(b)(6) motion to dismiss

does not need to set forth detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(stating that a plaintiff's complaint must set forth more than a threadbare recital "of the elements of a cause of action, supported by mere conclusory statements"). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. at 1940.

## LOCAL RULES FOR FILING RESPONSES TO MOTIONS

The local rules for the District of New Mexico state: "The failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). D.N.M.LR-Civ. 7.4(a) provides in part: "[A] response must be served and filed within fourteen (14) days after service of the motion . . . . These time periods are computed in accordance with Fed. R. Civ. P. 6(a) and (d) and may be extended by agreement of all parties." D.N.M.LR-Civ. 7.4(a).

## ANALYSIS

Most of the motions are unopposed. For what remains opposed -- the dismissal of the Complaint against Hi-Land Potato and Worley -- the Court believes it can mitigate any damage the Andersons will suffer if it grants the motion by allowing the Andersons to file an Amended Answer and Crossclaims. Accordingly, the Court will dismiss the Hi-Land Defendants and allow the

-7-

Andersons to file their Amended Answer and Crossclaims.

## I.  THE COURT WILL DISMISS THE COMPLAINT AGAINST METZ AND LOUNSBURY.

No one appears to oppose the Metz' or Lounsbury's Motions to Dismiss.  Moreover, they

appear sound on the merits.  The Complaint's caption names Metz and Lounsbury, but the

Complaint does not include any factual or legal allegations against Metz or Lounsbury.  See

Complaint ¶¶ 22-110, at 5-16.  The body of the Complaint does not identify Metz or Lounsbury as

a parties to the case.  See Complaint ¶¶ 1-21, at 2-5.  Pursuant to rule 12(b)(6), the allegations

properly plead in the complaint must serve as the basis for a cause of action.  See Bell Atl. Corp v.

Twombly, 550 U.S. at 570 (stating that, to survive a motion to dismiss, a plaintiff's complaint must

contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face);

Mink v. Knox, 613 F.3d 995 (10th Cir. 2010).  Because the Complaint does not contain factual or

legal allegations against Metz or Lounsbury, the Court finds that the Complaint does not contain

sufficient facts to state a claim to relief that is plausible on its face, and, accordingly, will dismiss

the Complaint against Metz and Lounsbury.

## II.  THE COURT WILL DISMISS THE COMPLAINT AGAINST HI-LAND POTATO AND WORLEY.

Skyline Potato wishes to abandon its fraud claims against Hi-Land Potato and Worley.

There is no sound reason not to dismiss Hi-Land Potato and Worley.  There is nothing to be gained

from forcing Skyline Potato to litigate fraud claims it no longer believes have a factual basis.  And

the Court can mitigate any harm that the Andersons might suffer as a result of its dismissal of the

Complaint against Hi-Land Potato and Worley by allowing the Andersons to file an Amended

Answer and Crossclaims.  The Court will therefore dismiss the Complaint against Hi-Land Potato

and Worley.

-8-

### III.   THE COURT WILL ALLOW THE ANDERSONS TO FILE AN AMENDED ANSWER AND CROSSCLAIMS.

The Court will allow the Andersons to file an Amended Answer.  Rule 15(a) of the Federal Rules of Civil Procedure states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Although the Court entered an Order extending the deadline for Hi-Land and Worley to respond to the Andersons' Motion to File Amended Answer until November 15, 2010, neither Hi-Land nor Worley responded, and they thus can be deemed to have consented to the motion.  The Court believes that it should thus allow the Andersons to amend their Answer.  The amendment will also mitigate any harm they might face as a result of the Court's dismissal of Skyline Potato's Complaint against Hi-Land Potato and Worley.  The Andersons contend that they have evidence that Hi-Land Potato and Worley perpetrated fraud, and although Hi-Land Potato and Worley did not consent to the Andersons' motion, they also did not oppose the motion, even given an extended period of time in which to do so.  The Court will therefore grant the Andersons' Motion to File Amended Answer.

**IT IS ORDERED** that: (i) the Motion to Dismiss as to Defendant Bill Metz, filed September 13, 2010 (Doc. 7), is granted; (ii) the Motion to Dismiss as to Defendant Mark Lounsbury, filed September 13, 2010 (Doc. 9), is granted; (iii) the Unopposed Motion to Dismiss Defendants Hiland Potato Company, Mark Lounsbury, Bill Metz, and Carl Worley Without Prejudice, filed September 22, 2010 (Doc. 12), is granted; and (iv) Defendant Gerald and Julie Andrews' Motion to File Answer and Cross-Claim, filed October 7, 2010 (Doc. 17), is granted.  The Complaint against Defendants Bill Metz, Mark Lounsbury, Carl Worley, and Hiland Potato Company is dismissed.  Defendant Gerald R. Andrews and Defendant Julie A. Andrews may file their Amended Answer and

Crossclaims.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Patrick J. Griebel
James Burns
Patrick J. Griebel, P.C.
Albuquerque, New Mexico

-- and --

Justin P. Pizzonia
Justin A. Gonzalez
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Shane C. Youtz
Albuquerque, New Mexico

     *Attorneys for Defendants Hi-Land Potato Company, Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

     *Attorney for Defendants Gerald Anderson and Julie Anderson*

-10-