IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SKYLINE POTATO COMPANY, INC.,**

   **Plaintiff,**

vs.              No. CIV 10-0698 JB/RHS

**TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON; JULIE A.
ANDERSON;**

   **Defendants-Third-Party Plaintiffs,**

vs.

**HI-LAND POTATO COMPANY, INC.;
and CARL WORLEY,**

   **Third-Party Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic conference meeting was held on February 17, 2011 at 11:30 a.m. and was attended by:

Justin P. Pizzonia, Esq. for Plaintiff Skyline;

Shannon Robinson, Esq. for Defendants/Third-Party Plaintiffs Tan-O-On Marketing, Inc., Gerald Anderson and Julie Anderson;

Marianne Bowers for Shane Youtz, Esq. for Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley.

## NATURE OF THE CASE

Plaintiff filed a "PETITION FOR ENFORCEMENT OF USDA PACA ORDER AND AWARD OF DAMAGES; COMPLAINT FOR VIOLATION OF FEDERAL UNFAIR TRADE PRACTICES PROVISION IN PACA (7 USC 499b),  BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, MONEY OWED ON

OPEN ACCOUNT, AND PRAYER FOR DECLARATORY RELIEF AND PIERCING OF THE CORPORATE VEIL" alleging that certain Defendants had received produce as part of their interstate commerce operations, said produce entered the stream of interstate commerce, and that certain Defendants did not provide payment to the Plaintiff who was the grower/distributor of the produce. Plaintiff alleges actions under federal law under the Perishable and Agricultural Commodities Act ("PACA"). Plaintiff also alleges state law and common law causes of action under the auspices of pendant jurisdiction due to the claims being related to the same nexus of events as the federal PACA claims.

Plaintiff initially named Tan-O-On Marketing, Inc. (hereinafter, "TMI"), Hi-Land Potato Company, Inc. (hereinafter, "Hi-Land"), Gerald Anderson and Julie Anderson (hereinafter "Andersons"), Mark Lounsbury (hereinafter, "Lounsbury"), Bill Metz (hereinafter, "Metz"), and Carl Worley (hereinafter, "Worley"). Plaintiff's Complaint did not specifically plead any causes of action against Metz and Lounsbury. Metz and Lounsbury filed Motions to Dismiss each of them, respectively, for failure to state a claim. Plaintiff also filed an Unopposed Motion to Dismiss Hi-Land, Lounsbury, Metz, and Worley without Prejudice. Defendants Tan-O-On Marketing, Inc., Gerald Anderson, and Julie Anderson opposed Plaintiff's Motion to Dismiss named Defendants.

By Court Order, issued January 24, 2011 by the Honorable James O. Browning, Defendants Hi-Land, Lounsbury, Metz, and Worley were dismissed without prejudice from Plaintiff's Complaint. By that same Order, Defendants, TMI and Andersons, were granted leave to amend their Answer to Plaintiff's Complaint to assert Third-Party Claims[1] against certain Defendants dismissed by the Order. Until (Tan-O-On and Andersons') Amended Answer and

---

[1] Although the Order states that the Court grants leave to file Crossclaims, since Worley, Metz, Lounsbury, and Hi-Land have been dismissed, the Amended Complaint would seem to be asserting Third-party claims against those parties to bring them back into the case.

Third-Party Claim is filed, the names and extent of the Third-party impleader is unclear; however, Tan-O-On and the Andersons seem to contend that their claims relate only to Hi-land and Worley.

Defendant/Third Party Plaintiffs Julie Anderson, Gerald Anderson, and Tan-o-an Marketing Incorporated:

Defendant/Third Party Complaint was filed February 22, 2011.  An Amended Answer was required due to new information available to Third Party Complainants.

The Third Party Defendants Carl Worley and Hi-Land Potato have not been served at the time of this Joint Status Report.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:  If during the course of discovery, Plaintiff finds another party that should be properly named in the complaint, Plaintiff intends to file a Motion to Amend Complaint and join parties and/or claims. Moreover, if discovery reveals the requisite factual basis to reassert claims, Plaintiff intends to file a Motion for Leave to Amend Complaint and join certain of the Defendants dismissed by the January 24, 2011 Order.

Plaintiff(s) should be allowed until June 30, 2011 to move to amend the pleadings and until June 30, 2011 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants/Third-Party Plaintiffs intend to file:

### AMENDMENTS TO PLEADINGS

Defendants/Third Party Claimants intend to file a Motion for Summary Judgment against Carl Worley and Hi-Land Potato.  Third Party Claimants request the right to join additional parties raise facts supporting fraud claims and amend Third Party Complaint if necessary.

Third Party Claimants should be allowed until June 30, 2011 to move to amend the pleadings and until June 30, 2011 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants/Third-Party Plaintiff(s) should be allowed until June 30, 2011 to move to amend the pleadings and until June 30, 2011 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Third-Party Defendants intend to file: No amendments or motions for joinder anticipated at this time.

Third-Party Defendants(s) should be allowed until June 30, 2011 to move to amend the pleadings and until June 30, 2011 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties are willing to further stipulate to the following facts:

1. The Parties have been unable to reach any stipulations.

### PLAINTIFF'S CONTENTIONS:

Plaintiff states as causes of action: (1) Petition for enforcement of USDA PACA ORDER AND AWARD OF DAMAGES; (2) Complaint for violation of the PACA unfair trade practices provision; (3) Breach of Contract; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Quantum Meruit; (6) Conversion; (7) Fraud; (6) Money Owed on Open Account; (7) Prayer for Declaratory Relief and Piercing of the Corporate Veil. Plaintiff requests the following remedies: (1) declaration that USDA PACA Order is enforceable against Defendants TMI and Andersons, along with any other party later added by amendment; (2) Judgment in the

amount of $81,282.39, plus reasonable attorney's fees and costs; (3) additional relief as requested.

## DEFENDANT'S/THIRD PARTY PLAINTIFF'S CONTENTIONS

Plaintiff Skyline Potato has listed causes of action that are very likely to be proven to be true. The Third Party Complaintants assert that Third Party Defendants violated trade secrets in scheme to commit fraud against Tan-O-On Marketing, Inc. and thereby Gerald and Julie Anderson. The Third Party Claimants are seeking actual damages and one million dollars in puntive damages.

## THIRD-PARTY DEFENDANT'S CONTENTIONS

Defendants Hi-Land and Worley have not yet been served with any pleading other than the initial complaint which has been dismissed as to them. Therefore, Defendants Hi-Land and Worley cannot state their contentions until they are apprised of the claims against them. To the extent that the claims will be that Defendants Hi-Land and Worley have violated applicable statutes and regulations, or committed fraud, those claims are denied. The claims of conversion, indemnification and punitive damages are also denied.

## PLAINTIFF'S DISCLOSURES

Plaintiff may call/rely on the following potential witnesses:

(1)   Plaintiff's Potential Expert Witness

    a. To be named. Expert witness regarding PACA claims and judgments, PACA license, and effect of PACA Orders.

    b. Forensic Accountant to testify regarding the financial aspects of the Defendant(s) and the Defendants' company.

(2)   Plaintiff's Potential Fact Witnesses

    a. Representative of Skyline

        i. Skyline Potato Company, 55 N Torres, Center, CO 81125

        ii. Regarding business practices and sales to TMI.

    b. Gerald and Julie Anderson

        i. In care of counsel.

        ii. Regarding business practices, PACA license information, stock purchase of TMI, ownership/control of TMI, accounting methods and practices of TMI.

    c. Representative of Hi-Land

        i. In care of counsel

        ii. Regarding business practices, PACA license information, and role of Gerald and Julie Anderson with entity.

    d. Shawna and Shannon Casey

        i. In care of counsel

        ii. Regarding business practices, role of Gerald and Julie Anderson with TMI, stock sale of TMI, and PACA license.

(3)    Plaintiff's Potential Exhibits

    a. TMI PACA license history

    b. Hi-Land PACA license history

    c. Hi-Land employment files related to Gerald and Julie Anderson

    d. Anderson's tax returns and other financial information for three (3) most recent years.

    e. Anderson's banking records for the three (3) most recent years.

    f. TMI banking records for the three (3) most recent years.

    g. TMI PACA Trust records for the three (3) most recent years.

    h. Sales and Invoice history between Skyline and TMI.

    i. Communications and correspondence between Skyline and TMI.

    j. Communication and correspondence between TMI and Hi-Land.

    k. Documents related to the Anderson's purchase of TMI stock.

    l. Documents related to the Casey's sale of TMI stock.

    m. Closing documents and financial records related to the TMI stock purchase/sale.

    n.

### DEFENDANTS'/ THIRD-PARTY PLAINTIFFS' DISCLOSURES

### DEFENDANTS' EXPERT WITNESS

1.
    a. Robert Bivins
       Tax Attorney who will testify as to ownership and Corporate Structure of Tan-O-On Marketing, Inc.

    b. Forensic Accountant to trace money from Tan-O-On Marketing, Inc. to Hi-Land Potato's Accounts.

    c. Thomas Burrage will be retained to estimate damages and financial disclosures of Carl Worley's wealth for the purposes of the punitive damages claim.

### DEFENDANTS' FACT WITNESSES

2.
    a. Shannon and Shawna Casey

    b. Carl Worley

    c. Relatives of Shannon and Shawna Casey, who have worked or still are employees for Hi-Land Potato Company.

    d. Terry Wright

    e. Bill Metz

    f.   All fact witnesses called by Plaintiff.

## DEFENDANTS' EXHIBITS

3.

   a. Communication and correspondence between Shannon and Shawna Casey and Shawna Casey's mother, an employee of Hi-Land Potato Company, Inc.

   b. Communications and correspondence between Shannon and Shawna Casey, Carl Worley, other Hi-Land Potato Company, Inc. employees and representatives of Kroger, Inc.

   c. All documents and exhibits listed by Plaintiff.

## THIRD-PARTY DEFENDANT'S DISCLOSURES

A.  <u>EXPERT WITNESSES:</u>  To be determined based on claims and evidence.

B.  <u>FACT WITNESSES:</u>

    a.  All witnesses identified by Plaintiff.

    b.  All witnesses identified by Defendant.

    c.  Carl Worley
        i.  c/o counsel
        ii.  Expected to testify regarding the claims raised against him and Hi-Land.

C.  <u>EXHIBITS:</u>

    a.  All exhibits identified by Plaintiff.

    b.  All exhibits identified by Defendant.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**THE PARTIES AGREE** to following provisional discovery plan and timeline:

Timeline: the parties agree that this case is best suited to Standard track classification. Discovery will be limited to the following:

Maximum of 50 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 20 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 8 depositions by Plaintiff(s) and 8 by Defendant-Cross Plaintiffs and 8 by Defendants.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by May 30, 2011.

from Defendant(s) by June 30, 2011.

Supplementation under Rule 26(e) due 30 days after the close of discovery period.

All discovery commenced in time to be complete by September 1, 2011.

## PRETRIAL MOTIONS

Plaintiff intends to file: Plaintiff's Motion for Summary Judgment and Motions in Limine and appropriate Discovery Motions.

Defendants/Third-Party Plaintiffs intend to file: Intend to file Motion for Summary Judgment and Discovery Motions.

Third-Party Defendants intend to file: Defendants Hi-Land and Worley intend to file: motions to dismiss, motions for summary judgment, motions in limine, discovery motions as necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 2-3 days.

\_\_\_\_ This is a non-jury case.

\_\_\_\_ This is a jury case.

As Third Party Defendants have not been served with a complaint as of yet, they reserve the right to call a jury.

The parties request a pretrial conference in October.

## SETTLEMENT

The possibility of settlement in this case is considered cannot be evaluated prior to completion of discovery.  The parties request a settlement conference in September, 2011.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

_____/s/_____
Justin P. Pizzonia, Esq.
**GONZALEZ & PIZZONIA LLC**
1216 5th St. NW
Albuquerque, NM 87102
(505) 999-1080
*For Plaintiff*

\_\_\_Approved Telephonically on 2/18/2011\_\_\_\_
Shannon Robinson, Esq.
1121 4th St. NW # 1-A
Albuquerque, NM 87102
(505) 559-3690
*For Defendant/Third Party Plaintiffs*

\_\_\_Approved Telephonically on 3/1/2011_____
Shane Youtz, Esq.
**YOUTZ & VALDEZ, PC**
900 Gold Avenue SW
Albuquerque, NM 87102
(505) 244-1200
*For Third Party Defendants*