# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,
A Colorado Corporation,

       Plaintiff,

vs.                                              No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
a Colorado corporation with a principal place
of business in New Mexico; HI-LAND POTATO
COMPANY, INC., a Colorado corporation;
GERALD R. ANDERSON, in his individual
capacity and As Director/Shareholder of Tan-O-On
Marketing Inc.; JULIE A. ANDERSON, in her
 individual capacity and As Director/Shareholder
of Tan-O-On Marketing Inc.,

       Defendants,

and

TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON, JULIE A. ANDERSON,

       Third-Party Plaintiffs,

vs.

HI-LAND POTATO COMPANY, INC.; and
CARL WORLEY,

       Third-Party Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Skyline Potato Company, Inc.'s Opposed

Motion for Leave to File Amended Complaint, filed June 7, 2011 (Doc. 54)("Motion to Amend");

and (ii) the Motion to Amend and Correct Cross Claim and Add Party Defendant, filed October 3,

2011 (Doc. 68)("Motion to Amend and Correct Cross Claim").  The Court held a hearing on October

3, 2011.  The primary issues are: (i) whether the Court should grant Plaintiff Skyline Potato Company, Inc. leave to amend its pleadings to assert claims against additional defendants; and (ii) whether the Court should grant Third-Party Plaintiffs Gerald Anderson and Julie Anderson leave to amend their cross claim and to add as parties Third-Party Defendants RPE, Inc. and RPE President Russell Wysoki.  Because no apparent reasons are present to deny Skyline Potato leave to amend, the Court will grant Skyline Potato leave to amend its pleadings.  Because none of the parties oppose the Court granting the Motion to Amend and Correct Cross Claim, the Court will grant that motion.

## PROCEDURAL BACKGROUND

On July 23, 2010, Skyline Potato filed its Petition for Enforcement of USDA PACA Order and Award of Damages; Complaint for Violation of Federal Unfair Trade Practices Provision in PACA (7 USC 499b), Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Fraud, Money Owed on Open Account, and Prayer for Declaratory Relief and Piercing of the Corporate Veil against TMI, Hi-Land Potato, G. Anderson, J. Anderson, Mark Lounsbury, Bill Metz, and Carl Worley.  See Doc. 2 ("Original Complaint").  On September 22, 2010, Skyline Potato filed an Unopposed Motion to Dismiss Defendants Hiland [sic] Potato Company, Mark Lounsbury, Bill Metz, and Carl Worley Without Prejudice.  See Doc. 12 ("Motion to Dismiss"). In its Motion to Dismiss, Skyline Potato stated that, before filing its Complaint, it in good faith, upon information and belief, believed that Hi-Land Potato, Lounsbury, Metz, and Worley (the "Hi-Land Defendants") were involved in TMI, but that, after a thorough investigation into the Hi-Land Defendants, it no longer believed they should be parties in the action.  See Motion to Dismiss at 1. In the Motion to Dismiss, Skyline Potato stated that it sought and obtained the concurrence of the Hi-Land Defendants.  See Motion to Dismiss at 2.  Skyline Potato further stated that it sought the

Andersons' concurrence, but had not obtained the Andersons' concurrence at the time of filing.  <u>See</u> Motion at Dismiss at 2.

On July 24, 2011, the Court granted the Motion to Dismiss.  <u>See</u> Memorandum Opinion and Order at 9 (Doc. 23)("MOO").  In the parties' Joint Status Report and Provisional Discovery Plan, the parties set a June 30, 2011 deadline for filing motions to amend pleadings.  <u>See</u> Doc. 29 at 3 ("Joint Status Report").  On March 9, 2011, the Court issued a Scheduling Order.  <u>See</u> Doc. 35.  The Scheduling Order set October 3, 2011 as the last date for filing pretrial motions, other than discovery motions.  <u>See</u> Scheduling Order at 2.  On March 9, 2011, the Court issued an order adopting the Joint Status Report.  <u>See</u> Order Adopting Joint Status Report and Provisional Discovery Plan (Doc. 36).

On June 7, 2011, Skyline Potato filed its Motion to Amend.  In its Motion to Amend, it asks the Court for leave to amend its pleadings under rule 15(a)(2) of the Federal Rules of Civil Procedure.  <u>See</u> Motion to Amend at 2.  Skyline Potato contends that courts should freely grant a party leave to amend its pleadings.  <u>See</u> Motion to Amend at 3.  Skyline Potato recounts that it filed an unopposed motion to dismiss the Hi-Land Defendants without prejudice.  <u>See</u> Motion to Amend at 3.  Skyline Potato notes that it did not, at the time it filed the Motion to Dismiss, "realize or fully comprehend the extent of the debacle that gave rise to this lawsuit."  Motion to Amend at 4.  Skyline Potato asserts that, following recent investigations into the involvement of the Hi-Land Defendants in this case, "substantial evidence was uncovered which implicates the parties as originally anticipated."  Motion to Amend at 4.

On June 23, 2011, the Hi-Land Defendants filed their Response to Motion for Leave to File Amended Complaint.  <u>See</u> Doc. 57 ("Response").  The Hi-Land Defendants state that, in Skyline Potato's Original Complaint, it made "demonstrably false . . . allegations" that "Carl Worley was

an officer and shareholder of Tan-O-On." Response at 2. The Hi-Land Defendants point out that, when Skyline Potato filed its Motion to Dismiss, it stated that, "[a]fter a thorough investigation into the Hi-Land Defendants, Plaintiffs no longer believe that they should be a party to this action." Response at 2 (emphasis in original)(quoting Motion to Dismiss at 1). The Hi-Land Defendants contend that, based on Skyline Potato's prior representations to the Court, it should at least have to explain its change in position regarding the Hi-Land Defendants involvement in this case. See Response at 3. They argue that Skyline Potato's Motion to Amend does not specify what evidence it uncovered and why it did not uncover this evidence during its prior investigation. See Response at 3. They contend that Skyline Potato has implicitly admitted "that its original pre-filing inquires were inadequate," meaning that "its attempt to re-file should be examined with a heightened degree of scrutiny." Response at 3.

On July 6, 2011, Skyline Potato filed its Reply to the Hi-Land Defendants' Response. See Skyline Potato Company, Inc's Reply and Memorandum in Support of Motion for Leave to File Amended Complaint (Doc. 58)("Reply"). To this Reply, Skyline Potato attached banking records for Tan-O-On for the month of November 2009, which it contends demonstrate that the Hi-Land Defendants received numerous unlawful payments which should have gone to Tan-O-On's creditors. See Reply at 3 (citing Sunflower Bank Records (dated November 30, 2009), filed July 6, 2011 (Doc. 58-2)). Skyline Potato also attached deposition testimony from Shannon Casey, who Skyline Potato alleges was an officer and shareholder of Tan-O-On and Hi-Land Potato, discussing these bank records and payments to Tan-O-On in violation of Tan-O-On's obligations. See Reply at 3 (citing Deposition of Shannon Casey (dated October 22, 2010), filed July 6, 2011 (Doc. 58-3)). Skyline Potato argues that it has not engaged in undue delay, because it filed within the time provided for seeking leave to amend pleadings under the Joint Status Report and promptly after it discovered the

facts underlying the Hi-Land Defendants' involvement in this case. See Reply at 5-6. Skyline Potato notes that the Hi-Land Defendants have not articulated a basis to show they will suffer undue prejudice. See Reply at 5. Skyline Potato contends that it acted in good faith by dismissing these Hi-Land Defendants from the case when it did not, at the time, have evidence leading it to believe it could pursue claims against them. See Reply at 5-6. Skyline Potato notes that no undue prejudice results from alleging additional claims against the Hi-Land Defendants, as those claims arise out of the same complained of conduct as the original claims. See Reply at 6.

On October 3, 2011, G. Anderson and J. Anderson filed their Motion to Amend and Correct Cross Claim. In this motion, they request under rule 15(a)(2) that the Court grant them leave to amend their cross claim to add as Third-Party Defendants RPE and Wysoki. See Motion to Amend and Correct Cross Claim at 2. They note that adding in these parties as third-party defendants is necessary to protect their trade secrets. See Motion to Amend and Correct Cross Claim at 2. G. Anderson and J. Anderson state that they have only recently recovered evidence regarding RPE and Wysoki's involvement in this matter. See Motion to Amend and Correct Cross Claim at 2.

At the October 3, 2011 hearing, Skyline Potato reiterated that it recently has uncovered evidence implicating the Hi-Land Defendants. See Transcript of Hearing at 4:3-6 (taken October 3, 2011)(Pickel)("Tr.").[1] Skyline Potato contended that courts should grant leave to amend freely under rule 15(a)(2). See Tr. at 4:7-9 (Pickel). The Intervening Plaintiffs[2] noted that they did not oppose the Motion to Amend. See Tr. at 4:13-17 (Robinson). The Court asked the Hi-Land

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2]The Intervening Plaintiffs include the following parties: (i) Folson Farm Corporation; (ii) Potandon Produce, L.L.C.; (iii) Mart Produce Corporation; (iv) Billingsley Produce Sales, Inc.; (v) Alsum Produce, Inc.; and (vi) Peterson Bros. River Valley Farms, Inc.

Defendants whether they still opposed the Motion to Amend after viewing the evidence Skyline Potato included in its Reply.  <u>See</u> Tr. at 4:18-23 (Court).  The Hi-Land Defendants stated that they still oppose the Motion to Amend.  <u>See</u> Tr. at 4:24-5:4 (Apodaca).  They contend that the circumstances in this case weigh in favor of denying the Motion to Amend, because Skyline Potato already had an opportunity to conduct a thorough investigation and failed to do so.  <u>See</u> Tr. at 4:24-5:9 (Apodaca).  The Hi-Land Defendants downplayed the significance of the evidence attached to the Reply.  <u>See</u> Tr. at 5:14-22 (Apodaca).  They also noted that no evidence that Skyline Potato has brought before the Court would justify Skyline Potato amending its pleadings to assert claims, particularly fraud claims, against them.  <u>See</u> Tr. at 6:16-18 (Apodaca).  The Hi-Land Defendants contended that it should not be their burden to show the absence of evidence against them.  <u>See</u> Tr. at 6:19-25 (Apodaca).

Skyline Potato responded that it has no obligation at this point to prove its case.  <u>See</u> Tr. at 7:16-22 (Pickel).  Skyline Potato reiterated that it has uncovered additional facts showing that the Hi-Land Defendants were more involved in this matter than it believed when it dismissed them from the case.  <u>See</u> Tr. at 7:16-22 (Pickel).  Skyline Potato explained that any delay that occurred in filing this Motion to Amend resulted from the gradual process of uncovering evidence during discovery and new attorneys joining the case to represent Skyline Potato.  <u>See</u> Tr. at 8:7-15 (Pickel).  The Intervening Plaintiffs clarified that they shared Casey's deposition with Skyline Potato in the spring of 2011 when they decided that they were going to intervene in this case.  <u>See</u> Tr. at 8:20-9:4 (Esquivel).  Skyline emphasized the complexity of the underlying facts.  <u>See</u> Tr. at 9:8-11:6 (Robinson).  The Court noted that it was reluctant to penalize a party for dismissing some of the defendants in a case when it did not believe it had evidence to proceed against them.  <u>See</u> Tr. at 11:8-10 (Court).  The Court noted that it likes to see people being frank with the Court in this

-6-

manner.  See Tr. at 11:10-22 (Court).  The Court stated that a party is generally not required to come forward with evidence to seek leave to amend under rule 15.  See Tr. at 11:22-12:2 (Court).  The Court stated that it did not have sufficient evidence before it and was not familiar enough with the case to conclude that amendment would be futile.  See Tr. at 12:2-11 (Court).

The Court inquired whether any of the parties opposed the Motion to Amend and Correct Cross Claim.  See Tr. at 12:12-16 (Court).  The parties stated that they did not oppose this motion. See Tr. at 12:17-13:1 (Pickel, Court, Esquivel, Apodaca).  The Court then granted the Motion to Amend and Correct Cross Claim.

## LAW REGARDING AMENDMENT OF PLEADINGS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under rule 15(a), the court should freely grant leave to amend a pleading where justice so requires.  See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. 571, 579-80 (D.N.M. 2010)(Browning, J.); Youell v. FNU Russell, No. 04-1396, 2007 WL 709041, at *1-2 (D.N.M. Feb. 14, 2007)(Browning, J.); Burleson v. ENMR-Plateau Tele. Coop., No. 05-0073, 2005 WL 3664299, at *1-2 (D.N.M. Sept. 23, 2005)(Browning, J.).  The Supreme Court of the United States has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given. Fomen v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim.  See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).  See

also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

A court should deny leave to amend under rule 15(a), however, where the proposed "amendment would be futile." Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv., 175 F.3d 848, 859 (10th Cir. 1999).  See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.  An amendment is "futile" if the pleading "as amended, would be subject to dismissal." In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80 (citing TV Comm'ns Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992)).  A court may also deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, [or] failure to cure deficiencies by amendments previously allowed."  In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579 (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)).  The Tenth Circuit has also noted:

> It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, see Woolsey v. Marion Laboratories, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991); Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990); First City Bank v. Air Capitol Aircraft Sales, 820 F.2d 1127, 1133 (10th Cir. 1987), especially when the party filing the motion has no adequate explanation for the delay, Woolsey, 934 F.2d at 1462.  Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Las Vegas Ice, 893 F.2d at 1185.

Frank v. U.S. W., Inc., 3 F.3d at 1365-66.  "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  B.T. ex rel. G.T. v. Santa Fe Pub. Schs., No. 05-1165, 2007 WL 1306814, at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)).

-8-

## ANALYSIS

The Court will grant the Motion to Amend.  The Court does not believe that it should punish Skyline Potato for dismissing the Hi-Land Defendants earlier in this case when there is no indication that it did so in bad faith.  Skyline Potato has presented some additional evidence it has discovered to justify adding in the Hi-Land Defendants as parties at this time.  Additionally, the Hi-Land Defendants did not timely respond to the Motion to Amend.  The Court will grant the Motion to Amend and Correct Cross Claim, as none of the parties oppose the Court granting that motion.

## I.   THE COURT WILL GRANT SKYLINE POTATO LEAVE TO AMEND ITS PLEADINGS.

The Supreme Court has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given.  Fomen v. Davis, 371 U.S. at 182.  Furthermore, the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim.  See Curley v. Perry, 246 F.3d at 1284.  See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

The Court notes as an initial matter that the Hi-Land Defendants did not timely respond to the Motion to Amend.  Skyline Potato filed its Motion to Amend on June 7, 2011.  The Hi-Land Defendants filed their Response on June 23, 2011.  D.N.M.LR-Civ. 7.4(a) states: "A response must be served and filed within fourteen (14) calendar days after service of the motion."  D.N.M.LR-Civ. 7.4(a).  D.N.M.LR-Civ. 7.1(b) provides: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  To respond within fourteen days of the Motion to Amend, the Hi-

Land Defendants needed to file their Response by June 21, 2011.  By failing to timely respond to this Motion to Amend, the Hi-Land Defendants have consented to granting the Motion to Amend.

Additionally, the Court concludes that it should grant leave to amend under rule 15.  The Court does not find that Skyline Potato has acted in bad faith.  The Court appreciates parties who with candor dismiss parties from a case when they in good faith do not believe they can successfully pursue a claim against that party.  Skyline Potato has acted in this manner in this case when it originally filed its Motion to Dismiss the Hi-Land Defendants.  A party may later conclude for justifiable reasons that it was incorrect when it decided that it could not pursue a claim against a party.  While a party may encounter greater difficulties if it seeks leave to amend after the time for doing so under a scheduling order has passed, Skyline Potato has sought leave to amend before the expiration of the time allowed under the Joint Status Report, which is June 30, 2011.  See Joint Status Report at 3.  Given the complexity of the case, the number of different attorneys working on the case, and the existence of contemporaneous bankruptcy proceedings -- where the evidence supporting the Motion to Amend became known -- involving some of the same actors, the Court does not conclude that Skyline Potato engaged in undue delay or acted with a dilatory motive. Skyline Potato has also provided some evidence in the form of bank records and deposition testimony to support its contention that it has a meritorious claim against the Hi-Land Defendants. Although the Hi-Land Defendants have argued that granting leave to amend would be futile, they have pointed to no authority and have presented no evidence to support that contention.  Absent more information on the merits of these claims against the Hi-Land Defendants, the Court does not have sufficient evidence before it to conclude that these claims would lack merit.  See Curley v. Perry, 246 F.3d at 1284.

Additionally, the Hi-Land Defendants have not articulated a sound basis for their argument

that they will suffer undue prejudice if the Court grants leave to amend. Even though Skyline Potato has asserted additional claims against the Hi-Land Defendants than those that appeared in the Original Complaint, there is no indication, and the Hi-Land Defendants have not argued, that these claims change the basic theory, or rely on different underlying facts, compared to the claims and allegations appearing in the Original Complaint. See United States ex rel. Told v. Interwest Constr. Co., Inc., 267 F.App'x 807, 810-11 (10th Cir. 2008)(unpublished)(recognizing that denial of leave to amend was proper when the plaintiff sought to add new claims that "involved entirely different facts"); Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1428-29 (7th Cir. 1993)(recognizing that the district court properly denied leave to amend when the plaintiff sought to add "an entirely new and separate claim" based on an event that occurred at a much later date in time). Consequently, the Court will grant Skyline Potato leave to amend its pleadings.

## II.   THE COURT WILL GRANT THE MOTION TO AMEND AND CORRECT CROSS CLAIM, AS NONE OF THE PARTIES OPPOSE THE MOTION.

At the October 3, 2011 hearing, the Court inquired whether any of the parties opposed the Motion to Amend and Correct Cross Claim. See Tr. at 12:12-16 (Court). The parties stated that they did not oppose this motion. See Tr. at 12:17-13:1 (Pickel, Court, Esquivel, Apodaca). Given that there is no opposition to the Court granting the Motion to Amend and Correct Cross Claim, the Court will grant this motion.

**IT IS ORDERED** that: (i) the Skyline Potato Company, Inc.'s Opposed Motion for Leave to File Amended Complaint, filed June 7, 2011 (Doc. 54)("Motion to Amend"); and (ii) the Motion to Amend and Correct Cross Claim and Add Party Defendant, filed October 3, 2011 (Doc. 68)("Motion to Amend and Correct Cross Claim"), are granted.

-11-

UNITED STATES DISTRICT JUDGE

*Counsel:*

Patrick J. Griebel
James Burns
Patrick J. Griebel, P.C.
Albuquerque, New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendants Hi-Land Potato Company, Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

     *Attorney for Defendants Gerald Anderson and Julie Anderson*

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

     *Attorneys for Defendant Folsom Farm Corporation*