# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,
A Colorado Corporation,

      Plaintiff,

vs.                                                                                   No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
a Colorado corporation with a principal place
of business in New Mexico, HI-LAND POTATO
COMPANY, INC., a Colorado corporation;
GERALD R. ANDERSON, in his individual
capacity and As Director/Shareholder of Tan-O-On
Marketing Inc., JULIE A. ANDERSON, in her
individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., MARK LOUNSBURY,
in his individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., BILL METZ, in his
individual capacity and As Director/Shareholder of
Tan-O-On Marketing Inc., and CARL WORLEY,
in his individual capacity, as Director/Shareholder of
Tan-O-On Marketing Inc., and as Director/Shareholder
Hi Land Potato Company,

      Defendants,

and

FOLSON FARM CORPORATION,
POTANDON PRODUCE, L.L.C.,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES,
INC., ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

      Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC. d/b/a TMI, and
HI-LAND POTATO COMPANY, INC.,

Defendants,

and

TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON, JULIE A. ANDERSON,

      Third-Party Plaintiffs,

vs.

HI-LAND POTATO COMPANY, INC.;
and CARL WORLEY, RPE, INC.
and RUSSELL WYSOCKI

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Tan-O-On Marketing, Inc.'s Motion to Clarify the Record or Permission to Join Third Party Claimants' Cross Claim Filed Against Defendants Hi-Land Potato Company, Inc. and RPE, Inc., filed January 3, 2012 (Doc. 89)("Motion to Clarify"). The Court held a hearing on April 13, 2012.  The primary issue is whether Defendant Tan-O-On Marketing, Inc., now that it has defaulted on the claims against it, can continue to litigate the claims it has brought.  Because the procedural law allows a third-party plaintiff to litigate its claims even after it has lost on the claims brought against it, and because no parties oppose the Motion to Clarify, the Court will grant the Motion to Clarify.

## PROCEDURAL BACKGROUND

On October 14, 2011, Tan-O-On Marketing, Gerald Anderson, and Julie Anderson (the "Tan-O-On Parties") filed their Amended Third Party Complaint for Fraud and Theft of Trade Secrets and Unjust Enrichment asserting third-party claims against the Hi-Land Potato Parties and the RPE, Inc. Parties.  See Doc. 72. The Tan-O-On Parties assert the following claims: (i) Fraud;

(ii) Unjust Enrichment; and (iii) Theft or Conversion of Trade Secrets and Corporate and Personal Assets. See Third Party Complaint at 3-10.

On December 22, 2011, the Intervening Plaintiffs[1] filed their Intervening Plaintiffs' Motion for Entry of Clerk's Default Against Defendant Tan-O-On Marketing, Inc.  See Doc. 86 ("Motion for Entry of Default").  They seek entry of a default judgment against Tan-O-On Marketing based on its "failure to appear and answer Plaintiffs' Complaint in Intervention within twenty-one days following service on July 16, 2011."  Motion for Entry of Default at 1.  On December 29, 2011, the Clerk entered the Clerk's Entry of Default to "enter the default of defendant, Tan-O-On Marketing, Inc."  Clerk's Entry of Default at 1 (Doc. 87).

On January 3, 2012, Tan-O-On Marketing filed its Motion to Clarify.  See Doc. 89.  Tan-O-On Marketing requests clarification as to its "standing as a Party and if required [permission] to allow Tan-O-On Marketing . . . to join Gerald and Julie Anderson's Third Party Claim against Hi-Land Potato [Parties] and RPE, Inc. [Parties]."  Motion to Clarify at 2.  Tan-O-On Marketing recognizes that it has "failed to enter a formal Entry of Appearance" until the day it filed the Motion to Clarify.  Motion to Clarify at 2.  Tan-O-On Marketing notes that it, along with the Andersons, filed a Third Party Complaint on October 14, 2011.  See Motion to Clarify at 2.  Tan-O-On Marketing requests clarification whether, as a party who has defaulted, it can still litigate its claims. See Motion to Clarify at 6.  The Clerk has similarly entered a default against Tan-O-On Marketing for the claims Plaintiff Skyline Potato Company, Inc. has asserted against it.  See Clerk's Entry of Default at 1, filed February 1, 2012 (Doc. 104).

---

[1]The Intervening Plaintiffs include the following parties: (i) Folson Farm Corporation; (ii) Potandon Produce, L.L.C.; (iii) Mart Produce Corporation; (iv) Billingsley Produce Sales, Inc.; (v) Alsum Produce, Inc.; and (vi) Peterson Bros. River Valley Farms, Inc.

At the hearing on April 13, 2012, the Court confirmed that no parties opposed the Motion to Clarify.  <u>See</u> Transcript of Hearing at 5:18-7:7 (taken April 13, 2012)(Court, Esquivel, Bohnhoff, Robinson)("Tr.").[2]   The Court indicated that it would enter a limited order, without deciding the merits of Tan-O-On Marketing's claims, stating that the Tan-O-On Marketing may remain in the case and bring its third-party claims despite the entry of default against it.  <u>See</u> Tr. at 7:8-12 (Court). The parties did not oppose this suggestion.  <u>See</u> Tr. 7:20-8:2 (Court, Bohnhoff, Feuchter).

## <u>ANALYSIS</u>

Because the procedural law allows a third-party plaintiff to litigate its claims even after it has lost on the claims brought against it, and because no parties oppose the Motion to Clarify, the Court will grant the Motion to Clarify.  No parties have filed a written response to the Motion to Clarify.  Failure to file a written response to a motion constitutes consent to granting the motion. <u>See</u> D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Furthermore, based on the discussion at the hearing on April 13, 2012, none of the parties oppose the relief sought in the Motion to Clarify.  While entry of default can have res judicata effects regarding the claims brought by parties against a defaulting party, <u>see</u> <u>Baker v. Latham Sparrowbush Assocs.</u>, 72 F.3d 246, 255-56 (2d Cir. 1995)("Inasmuch as the state court default judgment is valid, it is res judicata as to all claims and counterclaims that could have been brought in the earlier action."), Tan-O-On Marketing has not defaulted against the parties against whom it has brought claims -- Hi-Land Potato, Worley, RPE, Inc., and Wysocki.  Those parties have filed no claims against Tan-O-On Marketing.  The parties have not directed the Court to, and the Court has not

_____

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

located, any procedural rule barring Tan-O-On Marketing from asserting its claims under the current procedural posture.  See Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."); 3 J. Moore, Moore's Federal Practice § 14.03[1], at 14-10 to -11 (3d ed. 2012)("Third-party practice fosters efficient litigation by packaging the underlying claim for liability and any indemnity or contribution claims in a single case. . . . Concomitantly, it avoids the possibility of inconsistent judgments.").  Accordingly, the Court will grant the Motion to Clarify.

**IT IS ORDERED** that Tan-O-On Marketing, Inc.'s Motion to Clarify the Record or Permission to Join Third Party Claimants' Cross Claim Filed Against Defendants Hi-Land Potato Company, Inc. and RPE, Inc., filed January 3, 2012 (Doc. 89), is granted.

_____
UNITED STATES DISTRICT JUDGE

_Counsel:_

Patrick J. Griebel
James T. Burns
Heather S. Jaramillo
Patrick J. Griebel, P.C.
Albuquerque, New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

  _Attorneys for the Plaintiff_

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

>  *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company,*
>    *Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

>  *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

>  *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald*
>    *Anderson, and Julie Anderson*

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

>  *Attorneys for Intervening Plaintiffs Folson Farm Corporation; Potandon Produce,*
>    *L.L.C.; Mart Produce Corporation; Billingsley Produce Sales, Inc.; Alsum*
>    *Produce, Inc.; and Peterson Bros. River Valley Farms, Inc.*

Benjamin F. Feutcher
William Spencer Reid
Keleher & McLeod
Albuquerque, New Mexico

>  *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*