IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,
A Colorado Corporation,

       Plaintiff,

vs.                                                                                                                        No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
a Colorado corporation with a principal place
of business in New Mexico, HI-LAND POTATO
COMPANY, INC., a Colorado corporation;
GERALD R. ANDERSON, in his individual
capacity and As Director/Shareholder of Tan-O-On
Marketing Inc., JULIE A. ANDERSON, in her
individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., MARK LOUNSBURY,
in his individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., BILL METZ, in his
individual capacity and As Director/Shareholder of
Tan-O-On Marketing Inc., and CARL WORLEY,
in his individual capacity, as Director/Shareholder of
Tan-O-On Marketing Inc., and as Director/Shareholder
Hi Land Potato Company,

       Defendants,

and

FOLSON FARM CORPORATION,
POTANDON PRODUCE, L.L.C.,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES,
INC., ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

       Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC. d/b/a TMI, and
HI-LAND POTATO COMPANY, INC.,

   Defendants,

and

TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON, JULIE A. ANDERSON,

   Third-Party Plaintiffs,

vs.

HI-LAND POTATO COMPANY, INC.;
and CARL WORLEY, RPE, INC.
and RUSSELL WYSOCKI

   Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Tan-O-On Marketing Inc.'s Request for Official Judicial Notice, filed April 10, 2012 (Doc. 148)("First Request for Judicial Notice"); and (ii) Tan-O-On Marketing's Request for Official Judicial Notice, filed April, 10, 2012 (Doc. 149)("Second Request for Judicial Notice"). The Court held a hearing on April 13, 2012. The primary issue is whether the Court should take judicial notice of two proceedings in other forums concerning Shannon Casey and Shawna Casey.[1] The Court will grant the First Request for Judicial Notice and the Second Request for Judicial Notice. The Court will not, at this time, rule as to the

---

[1] As the Court related in its Memorandum Opinion and Order, filed June 12, 2012 (Doc. 189)("MOO"), "[a]ccording to Skyline Potato's pleadings, Shannon Casey 'was an officer and shareholder of Tan-O-On and Hi Land,' who Skyline Potato did not name as a defendant in this case because of [Shannon Casey] 'being discharged under a chapter 7 bankruptcy case.'" MOO at 4 n.3 (quoting First Amended Petition and Complaint, Prayer for Declaratory Relief and Piercing of the Corporate Veil ¶ 13, at 3-4, filed October 21, 2011 (Doc. 73)("Amended Complaint")). The Court also stated: "Skyline Potato alleges that 'Shawna Casey was an officer and shareholder of Tan-O-On and Hi Land' who was 'discharged under a chapter 7 bankruptcy case.'" MOO at 4 n.3 (quoting Amended Complaint ¶ 14, at 4).

legal effect of those two proceedings in other forums have in this case.

## PROCEDURAL BACKGROUND

On April 10, 2012, Defendant Tan-O-On Marketing, Inc. filed its First Request for Judicial Notice. See Doc. 148. Tan-O-On Marketing requests that the Court take notice of certain bankruptcy proceedings involving the Caseys. See First Request for Judicial Notice at 1-2. On April 10, 2012, Tan-O-On Marketing also filed its Second Request for Judicial Notice. See Doc. 149. Tan-O-On Marketing requests that the Court take notice of a proceeding before the United States Department of Agriculture that it asserts is related to this case. See Second Request for Judicial Notice at 1-2. Tan-O-On Marketing requests that the Court take judicial notice of these two proceedings, because "the circumstances of Shannon Casey as an officer of Tan-O-On Marketing, Inc. and a responsibly connected party to" some of the alleged misconduct in this case "are identical issues as to the case at bar." First Request for Judicial Notice at 2.

At the hearing on April 13, 2012, Plaintiff Skyline Potato Company, Inc. and the Intervening Plaintiffs[2] stated that they did not oppose the requests for judicial notice. See Transcript of Hearing at 74:20-24 (taken April 13, 2012)(Court, Esquivel, Jaramillo)("Tr.").[3] Defendants Hi-Land Potato Company, Inc. and Carl Worley (the "Hi-Land Potato Parties") requested clarification regarding the evidence of which Tan-O-On Marketing had requested the Court take judicial notice. See Tr. at 75:1-4 (Bohnhoff). The Court clarified that Tan-O-On Marketing was asking the Court to take notice of two proceedings that allegedly contain documents that may be brought to the Court's

---

[2]The Intervening Plaintiffs include the following parties: (i) Folson Farm Corporation; (ii) Potandon Produce, L.L.C.; (iii) Mart Produce Corporation; (iv) Billingsley Produce Sales, Inc.; (v) Alsum Produce, Inc.; and (vi) Peterson Bros. River Valley Farms, Inc.

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

attention for its consideration in the future.  See Tr. at 76:5-12 (Court, Robinson).  The Hi-Land Potato Parties did not oppose the requests, so long as the judicial notice of the proceedings does not have any binding legal effect at this time.  See Tr. at 77:16-19 (Bohnhoff).  Third-Party Defendants RPE, Inc. and Russell Wysocki (the "RPE, Inc. Parties") also did not oppose the requests, subject to the same limitations that the Hi-Land Potato Parties had proposed.  See Tr. at 77:20-22 (Court, Feutcher).  The Court indicated that it would take notice of the proceedings without ruling on their legal effect at this time.  See Tr. at  77:23-78:2 (Court).

## ANALYSIS

The Court will grant the First Request for Judicial Notice and the Second Request for Judicial Notice.  The parties do not oppose the Court taking notice of the proceedings in two other forums concerning the Caseys, so long as the Court does not make any ruling as to the legal effect of those proceedings.  Consistent with the discussion at the April 13, 2012 hearing, the Court will not, at this time, decide the legal effect of those two proceedings in this case.  In essence, all the Court is doing in this order is saying, yes, it now knows of these two proceedings and that their dockets may contain relevant documents.  It is not saying that the documents in the other cases are relevant or admissible.  The Court is doing no more than acknowledging that these two cases exist.  Deciding their impact on this case will have to wait for another day.

**IT IS ORDERED** that Tan-O-On Marketing Inc.'s Request for Official Judicial Notice, filed April 10, 2012 (Doc.  148), is granted; and (ii) Tan-O-On Marketing's Request for Official Judicial Notice, filed April, 10, 2012 (Doc.  149), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James T. Burns
Heather S. Jaramillo
Patrick J. Griebel
Albuquerque Business Law, P.C.
Albuquerque New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

  *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald Anderson, and Julie Anderson*

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

> *Attorneys for Intervening Plaintiffs Folson Farm Corporation; Potandon Produce, L.L.C.; Mart Produce Corporation; Billingsley Produce Sales, Inc.; Alsum Produce, Inc.; and Peterson Bros. River Valley Farms, Inc.*

Benjamin F. Feutcher
William Spencer Reid
Keleher & McLeod
Albuquerque, New Mexico

> *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*