IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,
A Colorado Corporation,

        Plaintiff,

vs.                                                                                                                 No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
a Colorado corporation with a principal place
of business in New Mexico, HI-LAND POTATO
COMPANY, INC., a Colorado corporation;
GERALD R. ANDERSON, in his individual
capacity and As Director/Shareholder of Tan-O-On
Marketing Inc., JULIE A. ANDERSON, in her
individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., MARK LOUNSBURY,
in his individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., BILL METZ, in his
individual capacity and As Director/Shareholder of
Tan-O-On Marketing Inc., and CARL WORLEY,
in his individual capacity, as Director/Shareholder of
Tan-O-On Marketing Inc., and as Director/Shareholder
Hi Land Potato Company,

        Defendants,

and

FOLSON FARM CORPORATION,
POTANDON PRODUCE, L.L.C.,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES,
INC., ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

        Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC. d/b/a TMI, and
HI-LAND POTATO COMPANY, INC.,

       Defendants,

and

TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON, JULIE A. ANDERSON,

       Third-Party Plaintiffs,

vs.

HI-LAND POTATO COMPANY, INC.;
and CARL WORLEY, RPE, INC.
and RUSSELL WYSOCKI,

       Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Hi-Land Potato Company Inc.'s and Carl Worley's Motion to Compel Discovery from Third-Party Claimant Tan-O-On Marketing Inc., d/b/a TMI, filed May 15, 2012 (Doc. 174)("Motion to Compel"). The Court held a hearing on June 21, 2012. The primary issues are: (i) whether the Court should compel responses to Defendants Hi-Land Potato Company's and Carl Worley's interrogatories and requests for production; and (ii) whether the Court should award attorney's fees to Hi-Land Potato and Worley (the "Hi-Land Potato Parties") based on the costs they incurred in bringing the Motion to Compel. Because Defendant Tan-O-On Marketing, Inc. now has responded to the Hi-Land Potato Parties' discovery requests and does not oppose an award of attorney's fees, the Court will grant an award of attorney's fees in the amount of $450.00. The Court will otherwise deny the Motion to Compel as moot and without prejudice to the Hi-Land Potato Parties renewing their Motion to Compel if Tan-O-On Marketing's discovery responses prove to be inadequate.

**PROCEDURAL BACKGROUND**

On March 26, 2012, the Hi-Land Potato Parties filed their Certificate of Service. See Doc. 142 ("Mar. 26, 2012 Certificate of Service"). The Certificate of Service states that the Hi-Land Potato Parties' "counsel hand-delivered an original and one copy of Defendants Hi-Land Potato Company, Inc.'s and Carl Worley's Second Set of Interrogatories and Second Set of Request for Production to Tan-O-On Marketing." Mar. 26, 2012 Certificate of Service at 1.

On May 15, 2012, the Hi-Land Potato Parties filed their Motion to Compel. See Doc. 174. The Hi-Land Potato Parties request that the Court enter an order compelling Tan-O-On Marketing to respond to their second set of interrogatories and requests for production. See Motion to Compel at 1. The Hi-Land Potato Parties assert that Tan-O-On Marketing's responses to these discovery requests were due on April 25, 2012, because Tan-O-On Marketing did not obtain an extension of time for serving their responses. See Motion to Compel at 2. The Hi-Land Potato Parties argue that Tan-O-On Marketing has waived its right to contest discovery requests or to assert objections, because it has not filed a timely response. See Motion to Compel at 2. The Hi-Land Potato Parties, therefore, request "to preserve [their] right to seek answers and responses from [Tan-O-On Marketing] and to obtain an order from the Court compelling such responses if [Tan-O-On Marketing] does not promptly and voluntarily provide the information sought." Motion to Compel at 2. Tan-O-On Marketing relates that, on June 1, 2012, it served its response to the second set of interrogatories and requests for production on the Hi-Land Potato Parties. See Certificate of Service at 1, filed June 1, 2012 (Doc. 180).

At the hearing on June 21, 2012, the Court noted that Tan-O-On Marketing had not filed a response to the Motion to Compel. See Federal Digital Tape Recorder at 9:09:13-09:24 (June 21, 2012)(Court)("FTR"). The Hi-Land Potato Parties stated that, at the time that a response to the

Motion to Compel was due, they received a response to their discovery requests. See FTR 9:09:46-09:56 (Bohnhoff).  The Hi-Land Potato Parties related that they received the responses to the discovery requests on June 1, 2012.  See FTR 9:11:27-11:30 (Bohnhoff).  The Hi-Land Potato Parties asserted that the responses to the requests were "minimally adequate," but stated that they did not need to pursue compelling further responses to the requests. FTR 9:10:01-10:13 (Bohnhoff).  The Hi-Land Potato Parties then requested attorney's fees for the time and expense incurred in bringing the Motion to Compel.  See FTR 9:10:17-10:22, 9:11:46-11:58 (Bohnhoff).  The Hi-Land Potato Parties argued that, because Tan-O-On Marketing did not respond to the Motion to Compel, the Court should deem that it has consented to the requested relief, including the request for attorney's fees.  See FTR 9:12:04-12:11 (Bohnhoff).  They contended that an award of attorney's fees is appropriate for a motion to compel under rule 37(a)(5)(A) of the Federal Rules of Civil Procedure if a court grants the motion or if the opposing party produces the discovery after the filing of the motion.  See FTR 9:12:13-12:25 (Bohnhoff).  The Hi-Land Potato Parties argued that they are entitled to attorney's fees, because Tan-O-On Marketing has never justified the delay for the response.  See FTR 9:12:30-12:36 (Bohnhoff).

In response, Tan-O-On Marketing requested clarification on the amount of attorney's fees that the Hi-Land Potato Parties requested.  See FTR 9:13:37-40 (Robinson).  The Hi-Land Potato Parties clarified that they had incurred $450.00 in attorney's fees from preparing the Motion to Compel.  See FTR 9:13:41-13:44, 9:14:04-13 (Bohnhoff).  Tan-O-On Marketing did not object to paying this amount in attorney's fees.  See FTR 9:14:15 (Robinson).  Tan-O-On Marketing also stated that it could pay this amount at this time or pay the amount later, given that there would likely be multiple awards of attorney's fees in the case.  See FTR 9:14:20-14:41 (Robinson).  The Court then granted the request for $450.00 in attorney's fees and denied the remainder of the Motion to

Compel without prejudice to the Hi-Land Potato Parties renewing the request if the discovery responses proved to be inadequate. See FTR 9:16:50 -17:23 (Court). The Court said that it would award attorney's fees as the issues arose in the case and stated that it would proceed to enter the order disposing of the Motion to Compel. See FTR 9:17:06-17:25 (Court).

## ANALYSIS

Because Tan-O-On Marketing now has responded to the Hi-Land Potato Parties' discovery requests and does not oppose an award of attorney's fees, the Court will grant an award of attorney's fees in the amount of $450.00. The Court will otherwise deny the Motion to Compel as moot and without prejudice to the Hi-Land Potato Parties renewing their Motion to Compel if Tan-O-On Marketing's discovery responses prove to be inadequate. Compelling production of the requested discovery is now a moot issue given that Tan-O-On Marketing has provided the requested discovery and given that the Hi-Land Potato Parties represent that the responses are adequate. Although the request for attorney's fees did not appear in the Hi-Land Potato Parties written motion, Tan-O-On Marketing does not object to paying the fees. Furthermore, Tan-O-On Marketing filed its responses to the discovery requests after the Hi-Land Potato Parties filed the Motion to Compel. That situation requires the Court to award attorney's fees after the Court has given "the party or deponent whose conduct necessitated the motion" an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). More specifically rule 37(a)(5)(A) provides:

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Tan-O-On Marketing has not argued that any of the exceptions to this requirement stated in rule 37(a)(5)(A) apply.

**IT IS ORDERED** that Defendant Hi-Land Potato Company Inc.'s and Carl Worley's Motion to Compel Discovery from Third-Party Claimant Tan-O-On Marketing Inc., d/b/a TMI, filed May 15, 2012 (Doc. 174), is granted in part and denied in part as moot.

                                        _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James T. Burns
Heather S. Jaramillo
Patrick J. Griebel
Albuquerque Business Law, P.C.
Albuquerque New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

      *Attorneys for Intervening Plaintiffs Folson Farm Corporation; Potandon Produce, L.L.C.; Mart Produce Corporation; Billingsley Produce Sales, Inc.; Alsum Produce, Inc.; and Peterson Bros. River Valley Farms, Inc.*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

>   *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

>   *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

>   *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald Anderson, and Julie Anderson*

Benjamin F. Feuchter
William Spencer Reid
Keleher & McLeod
Albuquerque, New Mexico

>   *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*