IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SKYLINE POTATO COMPANY,
INC.,**

**Plaintiff,**

v.

**TAN-O-ON MARKETING, INC., d/b/a
TMI; GERALD R. ANDERSON;
JULIE A. ANDERSON,
Defendants/Third Party Plaintiffs,**

v.

**HI-LAND POTATO COMPANY, INC.,
and CARL WORLEY,**

**Third Party Defendants.**

**FOLSON FARM CORPORATION,
POTANDON PRODUCE, L.L.C.,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES,
INC., ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,**

**Intervening Plaintiffs,**
v.

**TAN-O-ON MARKETING, INC., and
HI-LAND POTATO COMPANY, INC.,**

**Defendants.**

**No. 10-CV-698 JB-WDS**

### ORDER GRANTING MOTION FOR AN ORDER PERMITTING A SINGLE REPRESENTATIVE OF THE FOLSON GROUP TO APPEAR AT SETTLEMENT CONFERENCE

This matter is before the Court on the Partially Opposed Motion for an Order Permitting a Single Representative of the Folson Group to Appear at the August 9, 2012 Settlement Conference.

(Doc. 203) The Folson Group is made up of six intervening Plaintiffs with claims against Tan-O-On Marketing, Inc. And Hi-Land Potato Company, Inc. Technically, the members of the group are individual plaintiffs, but they are represented by the same counsel and have claims that are set forth in a joint complaint. Intervening Plaintiffs allege they are unpaid suppliers and sellers of produce who are entitled to Perishable Agricultural Commodities Act (PACA) trust protection and payment from Tan-O-On Marketing, Inc.'s (TMI) PACA Trust Assets. By law, any funds recovered from PACA trust assets must be shared among the PACA trust beneficiaries on a *pro-rata* basis. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 157 (11th Cir. 1990).

In their motion, intervening Plaintiffs advise the Court that the members of the Folson Farm Group have agreed to permit a single member of the group to attend the Settlement Conference. That representative will be vested with full authority to negotiate a settlement of his or her choosing, and to bind all of the members of the Folson Farm Group to any settlement reached. Those members of the Folson Farm Group who do not appear in person at the Settlement Conference will be also available via telephone during the Settlement Conference should their input be needed regarding some unforeseen issue.

The only parties that have opposed the Folson Group's motion are Hi-Land Potato Company, Inc. and Carl Worley. They cite Local Rule LR-CV 16.2(c) for the proposition that, in addition to its counsel, each party or its designated representative "must attend the settlement conference [in person]." They also note that Defendants RPE, Inc., and Russell Wysocki unsuccessfully requested permission to be excused from attending the settlement conference. They argue that the Folson Farm Group deserves no different treatment.

In reply, movants note that full text of Local Rule 16.2(c) reads: For each party, at least two persons must attend settlement conferences: the attorney who will try the case; and the party or designated representative with final settlement authority, other than an attorney of record. In the Court's opinion, the Folson Group's designation of Mr. Bryan Folson as the representative to attend the settlement conference with final settlement authority complies with the requirements of Local Rule 16.2(c). Accordingly, this motion is well taken.

WHEREFORE, the Partially Opposed Motion for an Order Permitting a Single Representative of the Folson Group to Appear at the August 9, 2012 Settlement Conference (Doc. 203) is hereby GRANTED.

_____

W. Daniel Schneider

United States Magistrate Judge