# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,
A Colorado Corporation,

      Plaintiff,

vs.                                      No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
a Colorado corporation with a principal place
of business in New Mexico, HI-LAND POTATO
COMPANY, INC., a Colorado corporation;
GERALD R. ANDERSON, in his individual
capacity and As Director/Shareholder of Tan-O-On
Marketing Inc., JULIE A. ANDERSON, in her
individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., MARK LOUNSBURY,
in his individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., BILL METZ, in his
individual capacity and As Director/Shareholder of
Tan-O-On Marketing Inc., and CARL WORLEY,
in his individual capacity, as Director/Shareholder of
Tan-O-On Marketing Inc., and as Director/Shareholder
Hi Land Potato Company,

      Defendants,

and

FOLSON FARM CORPORATION,
POTANDON PRODUCE, L.L.C.,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES,
INC., ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

      Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC. d/b/a TMI, and
HI-LAND POTATO COMPANY, INC.,

Defendants,

and

TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON, JULIE A. ANDERSON,

Third-Party Plaintiffs,

vs.

HI-LAND POTATO COMPANY, INC.;
and CARL WORLEY, RPE, INC.
and RUSSELL WYSOCKI

Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Tan-O-On Marketing, Inc.'s Motion to File

Response out of Time, filed July 10, 2012 (Doc. 227)("Motion for Leave to Late File").  The Court

held a hearing on July 12, 2012.  The primary issue is whether the Court should grant Defendant

Tan-O-On Marketing, Inc.'s request to file a response out of time to Defendants and Third-Party

Defendants Hi-Land Potato Company, Inc.'s and Carl Worley's motions to compel.  The Court will

grant the Motion for Leave to Late File, given that Tan-O-On Marketing has acted with excusable

neglect.  The Court advises Tan-O-On Marketing that it should be more cautious about observing

the applicable deadlines in the future.

## PROCEDURAL BACKGROUND

On May 15, 2012, Hi-Land Potato and Worley (the "Hi-Land Potato Parties") filed their

Defendant Hi-Land Potato Company Inc.'s and Carl Worley's Motion to Compel Discovery from

Third-Party Claimant Tan-O-On Marketing Inc., d/b/a/ TMI.  Doc. 174 ("May 15, 2012 Motion to

Compel").  Rather than file a response to the May 15, 2012 Motion to Compel, Tan-O-On Marketing

served responses to the discovery requests that were the subject of the May 15, 2012 Motion to Compel.  See Certificate of Service at 1, filed June 1, 2012 (Doc. 180).

On June 11, 2012, the Hi-Land Potato Parties filed a motion to compel seeking to compel the deposition of a representative from Tan-O-On Marketing under rule 30(b)(6) of the Federal Rules of Civil Procedure.  See Defendant Hi-Land Potato Company, Inc.'s Motion to Compel Discovery from Third-Party Complainant Tan-O-On Marketing, Inc. at 1 (Doc. 186)("June 11, 2012 Motion to Compel #1").  On June 11, 2012, the Hi-Land Potato Parties filed a motion to compel seeking to compel answers to interrogatories and requests for production.  See Defendant Hi-Land Potato Company, Inc.'s and Carl Worley's Motion to Compel Discovery from Third-Party Claimant Tan-O-On Marketing Inc. Regarding Hi-Land's and Worley's Third Set of Interrogatories and Third Set of Requests for Production at 1 (Doc. 188)("June 11, 2012 Motion to Compel #2").  On July 4, 2012, the Court granted the May 15, 2012 Motion to Compel and awarded the Hi-Land Potato Parties their expenses incurred as a result of filing the May 15, 2012 Motion to Compel, given that Tan-O-On Marketing had produced responsive discovery after the Hi-Land Potato Parties filed the May 15, 2012 Motion to Compel.  See Memorandum Opinion and Order at 1, 5 (Doc. 215).

On July 10, 2012, Tan-O-On Marketing filed its Motion for Leave to Late File.  Tan-O-On Marketing requests that the Court grant an order allowing it "to file its Response to Hi-Land Potato Company, Inc. and Carl Worley's Motions to Compel, Out of Time."  Motion for Leave to Late File at 1-2.  It asserts that its reason for filing a late response is because Tan-O-On Marketing "substantially complied with the discovery requests of Hi-Land Potato Company, Inc."  Motion for Leave to Late File at 2.

On July 12, 2012, the Court held a hearing.  The Hi-Land Potato Parties asserted that they oppose the Motion for Leave to Late File, because Tan-O-On Marketing's failure to meet the

applicable deadlines has become habitual.  <u>See</u> Federal Digital Record Player at 10:06:55-07:15 ("FTR")(Bohnhoff).  The Hi-Land Potato Parties contended that Tan-O-On Marketing has not explained why it has good cause to file a late response.  <u>See</u> FTR at 10:07:16-07:45 (Bohnhoff).  The Court noted that it recognizes Tan-O-On Marketing's habit of making filings in this case in an untimely manner and that Tan-O-On Marketing has not provided justification for its request.  <u>See</u> FTR at 10:08:26-08:50 (Court).  Tan-O-On Marketing asserted that it believed it was in substantial compliance with the Hi-Land Potato Parties' discovery requests.  <u>See</u> FTR at 10:10:35-10:55 (Robinson).  It contended that it filed the Motion for Leave to Late File, because Tan-O-On Marketing was unaware that the Hi-Land Potato Parties believed the discovery responses were inadequate until the filing of the two June 11, 2012 Motions to Compel.  <u>See</u> FTR at 10:11:10-11:55 (Robinson).  Tan-O-On Marketing also related that it had tried to work out the situation with the Hi-Land Potato Parties.  <u>See</u> FTR at 10:11:56-14:55 (Robinson, Court).  The Court asked the Hi-Land Potato Parties how they would suffer prejudice if the Court allowed Tan-O-On Marketing to file a late response.  <u>See</u> FTR at 10:15:56-16:20 (Court).  The Hi-Land Potato Parties responded that they are able to address the arguments raised in the late filed response, but asserted that the prejudice is Tan-O-On Marketing's habit of failing to meet the applicable deadlines, and that this conduct will likely continue to hamper efforts to resolve this case.  <u>See</u> FTR at 10:16:22-17:18 (Bohnhoff).  The Court noted that it was concerned about Tan-O-On Marketing pattern of making late filings, but stated that it would grant the Motion for Leave to Late File.  <u>See</u> FTR at 10:19:49-20:12 (Court).  The Court directed Tan-O-On Marketing to comply with future deadlines or to file requests for extensions of time when it cannot comply.  <u>See</u> FTR at 10:20:00-20:31 (Court).

<u>**RELEVANT LAW REGARDING EXTENSIONS OF TIME**</u>

Rule 6(b) provides:

      (b)      Extending Time**.**

            (1)     **In General.**  When an act may or must be done within a specified time, the court may, for good cause, extend the time:

                  (A)    with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

                  (B)    on motion made after the time has expired if the party failed to act because of excusable neglect.

            (2)     **Exceptions.**  A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b).  "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period."  In re Four Seasons Sec. Laws Litig., 493 F.2d 1288, 1290 (10th Cir.1974).  See Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987)("[S]ome showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." (quoting Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985))).  "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."  Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005).

      In determining whether a movant has shown excusable neglect, a court should consider the circumstances, including: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant;  and (iv) whether the movant acted in good faith.  See Schupper v. Edie, 193 F.App'x 744, 746 (10th Cir. 2006)(unpublished)(citing

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)(stating factors in the context of Bankruptcy Rule 9006(b)); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir.1995)(applying the Pioneer Investment Services Co. v. Brunswick Associates Ltd. excusable neglect factors to the rule 6(b) context)).  The United States Court of Appeals for the Tenth Circuit has stated that the reason for delay is an important, if not the most important, factor in this analysis. See Hamilton v. Water Whole Int'l Corp., 302 F.App'x 789, 798 (10th Cir. 2008)(unpublished)(citing United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004)(analyzing the excusable neglect standard in the context of Federal Rule of Appellate Procedure 4(b)(4), where the party filed an untimely notice of appeal)).

## ANALYSIS

The Court concludes that it is more appropriate to have Tan-O-On Marketing's responses to the pending motions to compel rather than no response at all.  Tan-O-On Marketing has acted with excusable neglect, so permitting it to file a late response is appropriate.  "Under Rule 6(b), the court may, in its discretion, accept late filings because the failure to file on time was excusable neglect."  Stringfellow v. Brown, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. 1997)(unpublished table decision).  In determining whether a movant has shown excusable neglect, a court should consider the circumstances, including: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant;  and (iv) whether the movant acted in good faith.  See Schupper v. Edie, 193 F.App'x at 746.

Tan-O-On Marketing has demonstrated excusable neglect.  First, the prejudice to the Hi-Land Potato Parties is low.  They have acknowledged that they are capable of responding to Tan-O-On Marketing's arguments in its late filed response.  The Court held a hearing, so the Court allowed

all parties to have a full opportunity to say anything they wanted on the several pending discovery motions set for the hearing.  There is no sound reason not to also consider the response brief Tan-O-On Marketing seeks to file.  The Court will, however, look at any delays in the future in a stricter fashion.  Second, the length of the delay is relatively small.  Under the local rules, a party has fourteen days to file a response to a motion.  <u>See</u> D.N.M.LR-Civ 7.4(a) ("The response must be served and filed within fourteen (14) calendar days after service of the motion.").  The Hi-Land Potato Parties filed their motions to compel on June 11, 2012.  <u>See</u> Docs. 186, 188.  Tan-O-On Marketing sought leave to file a response to these motions on July 10, 2012.  <u>See</u> Doc. 227.  While there was an approximate fifteen-day delay in filing a response, the Court was still able to hear both motions to compel on July 12, 2012.  That timeframe is approximately the same that would have played out had Tan-O-On Marketing filed a response and then had the Hi-Land Potato Parties filed a reply brief.  <u>See</u> D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response.").  The Hi-Land Potato Parties were also able to address the arguments Tan-O-On Marketing raised in its late filed response.  Third, Tan-O-On Marketing has noted that there was some confusion whether its responses to Hi-Land Potato Parties' discovery requests were adequate, and that it has been working outside the courtroom to try and resolve discovery matters.  The Court understands that this case is a complex one, with a large number of parties who are all generally seeking a large sum of money.  Discovery has been a complex task in this case.  While the failure to respond timely was within Tan-O-On Marketing's control, it has provided a legitimate reason why it failed to respond in a timely manner.  It has related that it was trying to work out the discovery issues with opposing counsel and that there was some confusion regarding the adequacy of its discovery responses.  It appears that Tan-O-On Marketing focused its attention and effort on responding to discovery, which, in the end, is a good thing.  Fourth, Tan-O-

On Marketing appears to have acted in good faith to work outside the courtroom to resolve the discovery disputes in this case, even though it filed a late response. There also appears to have been some confusion whether Tan-O-On Marketing's discovery responses were adequate. While Tan-O-On Marketing has not complied with the rules for making timely filings, the Court understands that attorneys are not superhuman. They make mistakes, and Tan-O-On Marketing does not appear to have acted in bad faith. The Court advises Tan-O-On Marketing that it must be more cautious about meeting deadlines in the future by either responding in a timely manner or seeking an extension.

**IT IS ORDERED** that Tan-O-On Marketing, Inc.'s Motion to File Response out of Time, filed July 10, 2012 (Doc. 227), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James T. Burns
Heather S. Jaramillo
Patrick J. Griebel
Albuquerque Business Law, P.C.
Albuquerque New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

> *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald Anderson, and Julie Anderson*

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

> *Attorneys for Intervening Plaintiffs Folson Farm Corporation; Potandon Produce, L.L.C.; Mart Produce Corporation; Billingsley Produce Sales, Inc.; Alsum Produce, Inc.; and Peterson Bros. River Valley Farms, Inc.*

Benjamin F. Feuchter
William Spencer Reid
Keleher & McLeod, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*