# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,
A Colorado Corporation,

       Plaintiff,

vs.                                                                                    No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
a Colorado corporation with a principal place
of business in New Mexico, HI-LAND POTATO
COMPANY, INC., a Colorado corporation;
GERALD R. ANDERSON, in his individual
capacity and As Director/Shareholder of Tan-O-On
Marketing Inc., JULIE A. ANDERSON, in her
individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., MARK LOUNSBURY,
in his individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc., BILL METZ, in his
individual capacity and As Director/Shareholder of
Tan-O-On Marketing Inc., and CARL WORLEY,
in his individual capacity, as Director/Shareholder of
Tan-O-On Marketing Inc., and as Director/Shareholder
Hi Land Potato Company,

       Defendants,

and

FOLSON FARM CORPORATION,
POTANDON PRODUCE, L.L.C.,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES,
INC., ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

       Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC. d/b/a TMI, and
HI-LAND POTATO COMPANY, INC.,

      Defendants,

and

TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON, JULIE A. ANDERSON,

      Third-Party Plaintiffs,

vs.

HI-LAND POTATO COMPANY, INC.;
and CARL WORLEY, RPE, INC.
and RUSSELL WYSOCKI

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Hi-Land Potato Company, Inc.'s Motion to Compel Discovery from Third-Party Complainant Tan-O-On Marketing, Inc., filed June 11, 2012 (Doc. 186)("Motion to Compel"). The Court held a hearing on July 12, 2012. The primary issues are: (i) whether Defendant Tan-O-On Marketing, Inc. failed to meet its obligations under rule 30(b)(6) of the Federal Rules of Civil Procedures; (ii) if Tan-O-On Marketing did not comply with its rule 30(b)(6) obligations, what relief would be appropriate; and (iii) whether the Court should award Defendants Hi-Land Potato Company, Inc. and Carl Worley (the "Hi-Land Potato Parties"), their attorney's fees incurred in bringing this motion. The Court will grant the Motion to Compel. The Court concludes, and Tan-O-On Marketing concedes, that the previous deposition its corporate designee gave is inadequate to satisfy Tan-O-On Marketing's rule 30(b)(6) obligations. Tan-O-On Marketing must designate one or more representatives who will appear for a resumption of the rule 30(b)(6) deposition and who can give complete, knowledgeable, and binding answers on the topics

set forth in the Hi-Land Potato Parties' deposition notice.  The Court will award the Hi-Land Potato

Parties' their costs and attorney fees incurred in bringing the Motion to Compel.

## PROCEDURAL BACKGROUND

On April 18, 2012, the Hi-Land Potato Parties served their Notice of Deposition, filed June

11, 2012 (Doc. 186-1), on Tan-O-On Marketing.  See Certificate of Service at 1, filed April 19, 2012

(Doc. 162).  The Notice of Deposition seeks, under rule 30(b)(6), to "take the oral deposition of one

or more representative of Defendant Tan-O-On Marketing."  Notice of Deposition at 1.  The Notice

of Deposition states that Tan-O-On Marketing "shall designate one or more persons most

knowledgeable about the following matters to testify on its behalf":

> 1.    Identification (by date and invoice number) of all potato sale invoices
> to [Tan-O-On Marketing] from Plaintiff Skyline ("Skyline") and Intervening
> Plaintiffs Folson Farm, Potandpn [sic] Produce, Mart Produce, Billingsley Produce
> Sales, Alsum Produce and Peterson Bros. River Valley Farms (collectively, "the
> Folson Farm Group") that were never paid by [Tan-O-On Marketing] and form the
> basis for Skyline's and the Folson Farm Group's claims in this litigation
> (collectively, "the Skyline/Folson Farm Group Invoices").

> 2.    Whether, for each of the Skyline/Folson Farm Group Invoices, [Tan-
> O-On Marketing] admits that the subject potatoes were re-sold and shipped to one
> of [Tan-O-On Marketing]'s customers.

> 3.    For each of the Skyline/Folson Farm Group Invoices, identification
> of the [Tan-O-On Marketing] invoice (by date and invoice number) and customer
> check (by date and amount) that reflect the re-sale and shipment of the subject
> potatoes, and explanation of the manner in which the check was negotiated (i.e.,
> identification of the bank into which the check was deposited and the date of the
> deposit).

> 4.    Whether, for any of the Skyline/Folson Farm Group Invoices, [Tan-O-
> On Marketing] did not re-sell and receive payment for the subject potatoes.

> 5.    Whether [Tan-O-On Marketing] will admit that it re-sold and was
> paid for all of the potatoes reflected in the Skyline/Folson Farm Group Invoices, and
> that all of the checks reflecting such payments were delivered to [Tan-O-On
> Marketing's] Albuquerque office and deposited in [Tan-O-On Marketing]'s Bank of
> Albuquerque account or accounts, or any other bank account belonging to [Tan-O-

-3-

On Marketing].

Notice of Deposition at 2-3.  The Notice of Deposition also states: "In lieu of providing the identifying information set forth above, the representative(s) may produce at the deposition the subject Skyline/Folson Farm Group Invoices and, for each such invoice, the corresponding [Tan-O-On Marketing] invoices, customer checks and bank deposit documentation."  Notice of Deposition at 3.

Gerald Anderson, one of Tan-O-On Marketing's directors, testified at the rule 30(b)(6) deposition on May 8, 2012, on Tan-O-On Marketing's behalf.  See Deposition of Gerald Anderson (taken May 8, 2012), filed June 11, 2012 (Doc. 186-2)("Anderson Depo.").  When asked whether he had ever seen the Notice of Deposition before the deposition began, Anderson stated that he had never seen the Notice of Deposition.  See Anderson Depo. at 5:10-16.  Anderson stated that he understood that Tan-O-On Marketing had designated him as its representative to testify on its behalf. See Anderson Depo. at 5:24-6:2.  When asked if he had the information requested in the first topic specified in the Notice of Deposition, Anderson had some, but not all, of the requested materials with him.  See Anderson Depo. at 6:8-12:21.  Anderson stated that he has not yet been able to identify all the applicable invoices for potato sales before the deposition.  See Anderson Depo. at 11:4-12:21.  When asked if he had knowledge about the second topic specified in the Notice of Deposition, whether Tan-O-On Marketing admits that, regarding the invoices related to Plaintiff Skyline Potato and Intervening Plaintiffs,[1] it resold and shipped those potatoes to one of Tan-O-On Marketing's customers, Anderson stated: "I would assume that would be correct.  I don't know that

---

[1]The Intervening Plaintiffs include: (i) Folson Farm Corporation; (ii) Potandon Produce, L.L.C.; (iii) Mart Produce Corporation; (iv) Billingsley Produce Sales, Inc.; (v) Alsum Produce, Inc.; and (vi) Peterson Bros. River Valley Farms, Inc.

to be a fact." Anderson Depo. at 12:23-13:4. Anderson related that he had completed no investigation to verify that information, because he did not "know where [he would] get the information to verify it." Anderson Depo. at 13:5-8. Regarding documentation that would relate to the third topic specified in the Notice of Deposition -- invoice information related to Skyline Potato and the Intervening Plaintiffs as well as the corresponding invoice information for Tan-O-On Marketing -- Anderson stated that he had not seen that information and related that Terry Wright, a prior employee and sales agent for Tan-O-On Marketing, might have that information stored in his computer files. See Anderson Depo. at 16:18-17:18. Anderson related that Tan-O-On Marketing had contacted Wright either the day before the deposition or the day of the deposition about this matter. See Anderson Depo. at 17:13-18. In response to a question whether Tan-O-On Marketing had received payments from its customers for the potato transactions that are the subject of Skyline Potato's and the Intervening Plaintiffs' claims, Anderson stated: "I don't know that. I have never seen any of the check or I'd have to go through all the deposit slips." Anderson Depo. at 20:5-12. In response to a question whether Tan-O-On Marketing had a basis to dispute that it had received checks from its customers for all of the potatoes at issue, Anderson stated: "I have no idea, sir. It would take a lot of research." Anderson Depo. at 21:8-15. When asked if he had conducted an investigation whether deposits for any customer checks had occurred in locations other than Tan-O-On Marketing's Bank of Albuquerque account, Anderson stated: "I've not seen the checks, to my knowledge. I really don't know what the answer is." Anderson Depo. at 24:10-15.

On June 11, 2012, the Hi-Land Potato Parties filed their Motion to Compel. They "move the Court to enter an order compelling Third-Party Complainant Tan-O-On Marketing . . . to provide testimony responsive to Hi-Land's" request for a rule 30(b)(6) deposition. Motion to Compel at 1. The Hi-Land Potato Parties also seek their "reasonable expenses incurred in making this motion,

including attorney's fees."  Motion to Compel at 1-2.  The Hi-Land Potato Parties assert that Tan-O-On Marketing has never produced the transaction records for the potato transactions underlying this dispute.  <u>See</u> Motion to Compel at 8.  They note that they offered Tan-O-On Marketing, in the Notice of Deposition, "the option of producing the subject Skyline/FFG invoices and the corresponding [Tan-O-On Marketing] invoices, customer payment checks and bank deposit documentation."  Motion to Compel at 8.  They contend that Anderson's deposition testimony reveals that he was unprepared to provide deposition testimony on the topics specified in the Notice of Deposition.  <u>See</u> Motion to Compel at 9-12.  They assert that the limited documentation Anderson had at his disposal was not sufficient to comply with rule 30(b)(6).  <u>See</u> Motion to Compel at 9.  The Hi-Land Potato Parties argue that Tan-O-On Marketing has not complied with its obligations under rule 30(b)(6) to designate an individual qualified and prepared to testify regarding the topics listed in the rule 30(b)(6) notice.  <u>See</u> Motion to Compel at 12-14.  The Hi-Land Potato Parties contend that Tan-O-On Marketing, "as the entity at the center of the sale/re-sale transactions, is obviously in the best position to answer these questions and produce the key underlying documents," including its "invoices for the re-sales, the customer checks reflecting payment for the potatoes, and documentation showing when and into which bank the money was deposited."  Motion to Compel at 13.

On July 10, 2012, Tan-O-On Marketing filed its Response to Request for Production and Motions to Compel Discovery.  <u>See</u> Doc. 226 ("Motion to Compel").  Tan-O-On Marketing asserts that it "has complied with discovery requests from Hi-Land Potato Company, Inc. and Carl Worley to the fullest extent of its capability."  Response at 2.  Tan-O-On Marketing notes that it found the computer hard drive with the relevant transaction information "[o]n March 6, 2010," in "the storage locker rented by Shannon Casey."  Response at 2.  Tan-O-On Marketing states that it made the hard

drive available to an accounting firm "to review the data and make an analysis of the recorded sales transactions." Response at 2. Tan-O-On Marketing asserts that "[t]he data was very difficult to access for the [accounting] firm and the effort to make any comparative analysis was unsuccessful." Response at 2. Tan-O-On Marketing relates that Skyline Potato provided the same electronic information to a consulting firm who appears to have been able to access much of the data successfully. See Response at 2. Tan-O-On Marketing relates that Sheryl Brown, a certified public accountant, handled some of the relevant accounting information during the relevant time period for the events underlying this lawsuit. See Response at 2. A "billing ticket" dated "11-30-2011" from the consulting firm relates: "Assisted Sheryl in accessing data on hard drives. She will need to use a better computer to gain access . . . ." Response at 2. Tan-O-On Marketing asserts that Brown "is the best expert available to retrieve and analyze data from" its accounting records. Response at 3. It states that she "has studied the data requested by Hi-Land Potato Company, Inc. and will testify concerning any questions not evident in the data already provided by Tan-O-On Marketing." Response at 3. Tan-O-On Marketing relates that "[t]he difficulty for Terry Wright now providing the requested data has been the recent death of his wife last month." Response at 3.

At the hearing on July 12, 2012, the Hi-Land Potato Parties asserted that the Response Tan-O-On Marketing has filed relates more to another motion to compel that is pending as opposed to the Motion to Compel seeking to compel a rule 30(b)(6) deposition. See Federal Digital Tape Recorder at 10:20:30-21:01 (July 12, 2012)(Court)("FTR"). The Court asked what more the Hi-Land Potato Parties seek regarding the Motion to Compel given that they have had some opportunity to speak with Brown. See FTR at 10:21:02-21:14 (Court). The Hi-Land Potato Parties stated that, while they have had an opportunity to speak with Brown, they still need more accounting records to verify what occurred during the potato transactions at issue. See FTR at 10:21:22-06 (Bohnhoff).

The Hi-Land Potato Parties related that Wright has relevant information on his computer hard drives and that Tan-O-On Marketing did not provide that information to the Hi-Land Potato parties at the deposition on May 8, 2012. <u>See</u> FTR at 10:22:05-23:34 (Bohnhoff). The Hi-Land Potato Parties noted that, although several months have passed, they still have no information clarifying whether Wright has relevant information. <u>See</u> FTR at 10:23:00-23:39 (Bohnhoff.). The Hi-Land Potato Parties asserted that Tan-O-On Marketing's Response reveals that Brown had access to the relevant accounting records since approximately November 30, 2011. <u>See</u> FTR at 10:23:29-24:40 (Bohnhoff). The Hi-Land Potato Parties relate that, in their recent interview with Brown, she did not provide the information requested in the rule 30(b)(6) Notice of Deposition, such as the applicable invoice records for potato sales. <u>See</u> FTR at 10:24:41-25:01 (Bohnhoff). They noted that she revealed that Tan-O-On Marketing has the necessary information in the accounting records to answer the questions listed in the Notice of Deposition. <u>See</u> FTR at 10:25:02-28:48 (Bohnhoff). The Court related that it was inclined to grant the Motion to Compel, stating that Tan-O-On Marketing must have someone prepare for a rule 30(b)(6) deposition to adequately respond to the topics the Notice of Deposition specifies. <u>See</u> FTR at 10:32:27-33:05 (Court). Tan-O-On Marketing responded that it was agreeable to this proposal. <u>See</u> FTR at 10:33:12-33:22 (Robinson). Tan-O-On Marketing stated that Brown is the only potential deponent who would be able to adequately respond to the Notice of Deposition. <u>See</u> FTR at 10:33:42-33:58 (Robinson). Tan-O-On Marketing stated that it has been working diligently to provide the information the Hi-Land Potato Parties have requested and asserted that the process of resolving all the accounting information is a difficult one. <u>See</u> FTR at 10:34:30-37:30 (Robinson). The Court stated that it would grant the Motion to Compel and award the Hi-Land Potato Parties their expenses incurred in bringing the Motion to Compel. <u>See</u> FTR at 10:57:31-59:30 (Court).

## LAW REGARDING RULE 30(b)(6)

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Fed. R. Civ. P. 30(b)(6). "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d at 268. Accord Gulfstream Worldwide Realty, Inc. v. Phillips Elec. N. Am. Corp., No. 06-1165, 2007 WL 5704041, at *5 (D.N.M. Oct. 24, 2007)(Browning, J.)("A corporation must prepare its designated representative to provide complete, knowledgeable, and binding answers on the corporation's behalf."). "The purpose behind designating a witness to represent the corporation is to prevent bandying, which is the practice of presenting employees for their depositions who disclaim knowledge of the facts known by other individuals within the organization." Gulfstream Worldwide Realty, Inc. v. Phillips Elec. N. Am. Corp., 2007 WL 5704041, at *5 (internal quotation marks omitted).

As the United States District Court for the District of Connecticut has recognized:

> A deponent under Rule 30(b)(6) has an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or

> reasonably available to the corporation.  Even if the documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed.

Concerned Citizens v. Belle Haven Club, 223 F.R.D. 39, 43 (D. Conn. 2004)(citations omitted)(internal quotation marks omitted).  The court in Concerned Citizens v. Belle Haven Club went on to hold that this duty to review, and in essence become educated about the information available to the corporation, applies even if the information is voluminous and multiple people must be consulted to collect the information known to the corporation.  See 223 F.R.D. at 43.  The United States District Court for the District of Columbia has stated:

> Although there is not an abundance of case law on the topic of Rule 30(b)(6), and nearly no case law in this circuit, certain principles are consistent in every court opinion to address these issues so far.  First, the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry.  Clearly, a deponent that does not know about the subject matter to be inquired about is useless as a deponent at all.  Second, the designating party is under the duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiffs.  Third, the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party.  Obviously, the purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know.  Fourth, the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry.

Alexander v. FBI, 186 F.R.D. 137, 141 (D.D.C. 1998)(citations omitted).  Accord 7 J. Moore, Moore's Federal Practice § 30.25[3], at 30-66 to 30-66.1 (3d ed. 2012)(stating the factors from Alexander v. FBI).  The United States District Court for the District of Utah has ruled the same way, holding that the entity receiving a 30(b)(6) notice has a duty

> to prepare those persons in order that they can answer fully, completely, unevasively the questions posed . . . as to the relevant subject matters.  The duty to prepare the designee imposed by the rule goes beyond matters personally known to the designee or to matters in which that designee was personally involved.  Such preparation

-10-

> requires a good faith effort [by] the designate to find out the relevant facts -- to collect information, review documents, and interview employees with personal knowledge.  The duty of preparation may require the interviewing of past employees.

United States v. Magnesium of Am., No. 2:01-CV-40DB, 2006 U.S. Dist. LEXIS 87734, at *15-16 (D. Utah Nov. 27, 2006)(Nuffer, J.)(footnote omitted)(internal quotation marks omitted), rev'd on other grounds 616 F.3d 1129 (10th Cir. 2010).  As a general matter, a corporation may designate any person as a corporate representative if they can meet the necessary criteria to satisfy rule 30(b)(6). See Gulfstream Worldwide Realty, Inc. v. Phillips Elec. N. Am. Corp., 2007 WL 5704041, at *5 (discussing how it may sometimes be necessary for a corporation to designate former employees as a rule 30(b)(6) deponent); 7 J. Moore, supra § 30.25[3], at 30-69 ("There is no rule that would prevent corporate counsel, or even a corporation's litigation counsel, from serving as a Rule 30(b)(6) deponent.").

## ANALYSIS

The Court will grant the Motion to Compel.  The Court concludes, and Tan-O-On Marketing concedes, that the previous deposition its corporate designee gave is inadequate to satisfy Tan-O-On Marketing's rule 30(b)(6) obligations.   Tan-O-On Marketing must designate one or more representatives who will appear for a resumption of the rule 30(b)(6) deposition and who can give complete, knowledgeable, and binding answers on the topics set forth in the Hi-Land Potato Parties' Notice of Deposition.  The Court will award the Hi-Land Potato Parties' their costs and attorney fees incurred in bringing the Motion to Compel.

**I.    THE COURT WILL REQUIRE TAN-O-ON MARKETING TO DESIGNATE AN INDIVIDUAL OR INDIVIDUALS WHO CAN ADEQUATELY TESTIFY ON THE TOPICS LISTED IN THE HI-LAND POTATO PARTIES' RULE 30(b)(6) NOTICE OF DEPOSITION.**

Tan-O-On Marketing does not dispute that Anderson was not adequately prepared to provide

a rule 30(b)(6) deposition and that his answers did not adequately respond to the five topics the Notice of Deposition specifies. "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d at 268. "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d at 268. The United States District Court for the District of Columbia has provided a thorough summary of the obligations rule 30(b)(6) triggers:

> Although there is not an abundance of case law on the topic of Rule 30(b)(6), and nearly no case law in this circuit, certain principles are consistent in every court opinion to address these issues so far. First, the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry. Clearly, a deponent that does not know about the subject matter to be inquired about is useless as a deponent at all. Second, the designating party is under the duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiffs. Third, the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party. Obviously, the purpose of a Rule 30(b)(6) deposition is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know. Fourth, the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry.

Alexander v. FBI, 186 F.R.D. at 141 (citations omitted).

Anderson's answers from his deposition on May 8, 2012, demonstrate that he was not an adequate rule 30(b)(6) deponent. His answers indicate that, while he may have had some knowledge about the topics which the Notice of Deposition specified, he was not able to respond with any reasonable particularity to questions on those topics. See Alexander v. FBI, 186 F.R.D. at 141. Given that the records at issue are Tan-O-On Marketing's accounting records, that information

"should be reasonably known by the designating party" -- Tan-O-On Marketing. Alexander v. FBI, 186 F.R.D. at 141. Consequently, Tan-O-On Marketing did not comply with its obligations under rule 30(b)(6). Thus, requiring Tan-O-On Marketing to designate an individual, or individuals, who are adequately prepared and adequately knowledgeable to respond to the topics the Notice of Deposition specifies is appropriate. The Court will not tell Tan-O-On Marketing who it must designate, but it must designate an individual or individuals who can provide adequate answers on the topics the Notice of Deposition specifies. The Court understands that these accounting records may be difficult to understand and reconcile, but it appears that Tan-O-On Marketing has all the information available to it that would be necessary to respond to the Notice of Deposition. Even if the information at issue is complex, Tan-O-On Marketing still has an obligation under rule 30(b)(6) to designate a proper deponent who can respond to a rule 30(b)(6) deposition notice. See Concerned Citizens v. Belle Haven Club, 223 F.R.D. at 43.

## II.      THE COURT WILL REQUIRE TAN-O-ON MARKETING TO PAY THE HI-LAND POTATO PARTIES' COSTS AND ATTORNEY'S FEES INCURRED IN BRINGING THE MOTION TO COMPEL.

Tan-O-On Marketing has not opposed the Motion to Compel and agreed with the Court that granting the Motion to Compel was appropriate. Rule 37(a)(5)(A) provides:

(A)    **If the Motion is Granted (or Disclosure is Provided After Filing).** If the motion [to compel] is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

-13-

(iii)     other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  "After deciding a motion to compel discovery, a district court <u>must</u> award the prevailing party its reasonable expenses, including attorney's fees, unless one of three exceptions [listed in rule 37(a)(5)(A)] applies."  7 J. Moore, <u>supra</u> § 37.23[1], at 37-41 (emphasis in original).  Accordingly, given that Tan-O-On Marketing has not opposed an award of expenses, and because rule 37(a)(5)(A) requires an award of expenses, the Court will award the Hi-Land Potato Parties their expenses incurred in bringing the Motion to Compel.  The Hi-Land Potato Parties should prepare an affidavit and schedule detailing the costs they have incurred, including their attorney's fees.  They should first consult with Tan-O-On Marketing to see if it is amenable to paying the expenses without the Court's involvement.  If the parties cannot reach a resolution, the Hi-Land Potato Parties may file these documents with the Court, and Tan-O-On Marketing can articulate why it finds a particular portion of the costs to be objectionable.

**IT IS ORDERED** that Defendant Hi-Land Potato Company, Inc.'s Motion to Compel Discovery from Third-Party Complainant Tan-O-On Marketing, Inc., filed June 11, 2012 (Doc. 186), is granted.  To the extent that Defendants Hi-Land Potato Company, Inc. and Carl Worley request a deposition of Sheryl Brown specifically, the Court will not require Defendant Tan-O-On Marketing, Inc. to designate a particular individual as its deponent under rule 30(b)(6) of the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE

-14-

*Counsel:*

James T. Burns
Heather S. Jaramillo
Patrick J. Griebel
Albuquerque Business Law, P.C.
Albuquerque New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

       *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company,*
         *Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

       *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

       *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald*
         *Anderson, and Julie Anderson*

-15-

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

    *Attorneys for Intervening Plaintiffs Folson Farm Corporation; Potandon Produce, L.L.C.; Mart Produce Corporation; Billingsley Produce Sales, Inc.; Alsum Produce, Inc.; and Peterson Bros. River Valley Farms, Inc.*

Benjamin F. Feuchter
William Spencer Reid
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*