**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SKYLINE POTATO COMPANY, INC.,

       Plaintiff,

vs.                                                                          No. CIV 10-0698 JB/RHS

HI-LAND POTATO COMPANY, INC.,
CARL WORLEY, GERALD R. ANDERSON,
and JULIE A. ANDERSON,

       Defendants,

and

TAN-O-ON MARKETING, INC.,

       Defendant/Third-Party Plaintiff,

vs.

HI-LAND POTATO COMPANY, INC.,
and CARL WORLEY,

       Third-Party Defendants.

FOLSON FARM CORPORATION,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES, INC.,
ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

       Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC., and
HI-LAND POTATO COMPANY, INC.,

       Defendants.

**ORDER**

**THIS MATTER** comes before the Court on the Third-Party Defendant Hi-Land Potato

Company, Inc.'s and Carl Worley's Notice of Filing of Declaration Regarding Attorneys Fees, filed

Aug. 15, 2012 (Doc. 258)("Declaration"). The Court held a hearing on September, 27, 2012. The

primary issue is whether the Court should grant Third-Party Defendant Hi-Land Potato Company

Inc.'s request to enter an order that Defendant Tan-O-On Marketing, Inc. pay the total amount of

the fees and corresponding gross receipts tax for legal fees Hi-Land Potato incurred associated with

the Court's Memorandum Opinion and Order, filed July 30, 2012 (Doc. 243)("MOO"), awarding

Hi-Land Potato attorney's fees. The Court will grant Hi-Land Potato's request, as Tan-O-On

Marketing does not oppose Hi-Land Potato's request. See Transcript of Hearing at 104:6-11(taken

Sept. 27, 2012)(Robinson).[1] Also, the Court has independently reviewed the Declaration and

attachments, and finds that the fees and costs declared are reasonable and were reasonably incurred.

In accordance with the Court's ruling stated on the record at the September 27, 2012, hearing,

pursuant to the Court's award of attorneys fees to Hi-Land Potato incurred in bringing its Hi-Land

Potato Company, Inc.'s Motion to Compel Discovery from Third-Party Complainant Tan-O-On

Marketing, Inc., filed June 11, 2012 (Doc. 186), the Court will order Tan-O-On Marketing to pay

Hi-Land Potato $4,179.42, as declared in Hi-Land Potato's Declaration.

**IT IS ORDERED** that, pursuant to the Court's attorneys fees award in its Memorandum

Opinion and Order, filed July 30, 2012 (Doc. 243), Defendant Tan-O-On Marketing, Inc. shall pay

Third-Party Defendant Hi-Land Potato Company, Inc. $4,179.42.

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James T. Burns
Heather S. Jaramillo
Patrick J. Griebel
Albuquerque Business Law, P.C.
Albuquerque New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

   *Attorneys for Intervening Plaintiffs Folson Farm Corporation; Potandon Produce,*
    *L.L.C.; Mart Produce Corporation; Billingsley Produce Sales, Inc.; Alsum*
    *Produce, Inc.; and Peterson Bros. River Valley Farms, Inc.*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff

Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company,*
> *Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

> *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald*
> *Anderson, and Julie Anderson*

Benjamin F. Feuchter
William Spencer Reid
Keleher & McLeod, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*