# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,

       Plaintiff,

vs.                                                                                No. CIV 10-0698 JB/RHS

HI-LAND POTATO COMPANY, INC.,
CARL WORLEY, GERALD R. ANDERSON,
and JULIE A. ANDERSON,

       Defendants,

and

TAN-O-ON MARKETING, INC.,

       Defendant/Third-Party Plaintiff,

vs.

HI-LAND POTATO COMPANY, INC.,
and CARL WORLEY,

       Third-Party Defendants.

FOLSON FARM CORPORATION,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES, INC.,
ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

       Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC., and
HI-LAND POTATO COMPANY, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Letter from Defendants and Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley to the Court (dated October 31, 2012, filed Oct. 31, 2012 (Doc. 318)("Letter"); and (ii) Plaintiff and Intervening Plaintiffs' Motion to Strike October 31, 2012 Letter Filed by Defendants and Third-Party Defendants Hi-Land Potato Company and Carl Worley, filed Nov. 7, 2012 (Doc. 319)("Motion to Strike"). The Court held a hearing on November 21. The primary issues are: (i) whether the Court should strike the letter from Defendants and Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley to the Court, stating their position that the Court should not rule on their pending summary judgment motions; and (ii) whether the Court should not decide the Defendants Hi-Land Potato Company Inc. and Carl Worley's Motion for Summary Judgment and Incorporated Memorandum of Law, filed Aug. 8, 2012 (Doc. 53), and the Plaintiff and Intervening Plaintiffs' Joint Motion for Partial Summary Judgment and Incorporated Memorandum of Law, filed Aug. 8, 2012 (Doc. 253). The Court will deny the Motion to Strike. The Court will not strike the Letter, because the Letter is not a pleading, and rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike portions of pleadings only, and because the Letter and the Motion to Strike have both been useful for the Court to learn what to do with the remaining motions for summary judgment. The Court agrees with Hi-Land Potato and Worley that it should not ignore the factual record developed at trial and will do no further work to decide whether there is a genuine issue of material fact for trial. The Court will, however, release the opinion that it has drafted to decide and discuss some of the legal issues on which it has worked to assist the parties as they prepare their written closing arguments, and their proposed findings of fact and conclusions of law.

## PROCEDURAL BACKGROUND

For the first time in the Court's tenure on the bench, it was unable to get opinions completed on all of the pending motions for summary judgment before the trial started. There were a number of reasons for this development. First, the parties in the case were extraordinarily needy, and absorbed an enormous amount of the Court's time, particularly during the summer of 2012. The parties filed many discovery motions, sanctions motions, motions to dismiss, and motions in limine. From January 2012 to the end of trial in October 2012, the parties in the case filed the following opposed motions: three motions to dismiss, eight summary judgment motions, four sanctions motions, four motions in limine, sixteen discovery motions, and one motion to bifurcate. See Docket entries for Skyline Potato Co, Inc. v. Tan-O-On Marketing, Inc., No. CIV 10-0698 JB/WDS. Of those thirty-five motions, during the summer of 2012 alone, from June 1, 2012 to through September 1, 2012, the parties in the case filed eleven discovery motions, seven motions for summary judgment, and two motions for sanctions. Second, Plaintiff Skyline Potato Company, and Intervening Plaintiffs Folson Farm Corporation, Mart Produce Corporation, Alsum Produce Sales, Inc., Peterson Bros. River Valley Farms, Inc., and Billingsley Produce Sales, Inc. (collectively the "Folson Farm Group"), did not want to change the final trial date. By not ruling on the pending motions for summary judgment before trial, the Court effectively denied the motions and proceeded to trial.

That the Court did not issue a final written memorandum opinion and order on the pending motions for summary judgment did not mean that the Court did not work on them. The Court orally gave the parties its thoughts about the issues of fact and its decisions on the legals issues as it wrote. The legal issues were novel, there was little precedent, and determining the legal framework required thought. The reality was, however, that, when the trial began and proceeded, the Court had done a lot of the work on the motions and orally gave the parties considerable guidance as to what

the Court was thinking regarding the legal issues.

The Court held a bench trial from October 22, through October 26, 2012.  At the close of the trial on October 26, 2012, the Court engaged in a colloquy with counsel regarding their preferences on how the Court should proceed in deciding, or not deciding, their motions for summary judgment, which were still pending the Court's consideration at the close of trial.  See Transcript of Trial at 40:11-42:6 (Court, Bohnhoff, Jaramillo, Esquivel)(taken Oct. 26, 2012)("Trial Tr.").[1]  The Court noted that, if it did not receive notices of withdrawal from each of the parties withdrawing their summary judgment motions, because it has never before been in the situation of not having ruled on the summary judgment motions before the case went to trial, it would have to research the issue whether it could still rule on the motions.  See Trial Tr. at 41:16-42:2 (Court).  The Court granted Hi-Land Potato's request for the parties to have leave until October 31, 2012, to file notice with the Court if the parties agree to withdrawing the motions for summary judgment.  See Trial Tr. at 44:10-25 (Bohnhoff, Court, Esquivel).

On October 31, 2012, Hi-Land Potato and Worley submitted a letter to the Court "advis[ing] [the Court] of Defendants and Third-Party Defendants Hi Land Potato Company's and Carl Worley's position on whether the Court should proceed to rule on the pending summary judgment motions."  Letter at 1.  The Letter states that, because the parties have completed a trial on the merits of all remaining issues, they "suggest that the Court should decline to rule on the motions and instead proceed to issue its findings and conclusions and then, on the basis of those determinations, enter final judgment."  Letter at 1.  In the letter, Hi-Land Potato and Worley suggest that there is no

---

[1]The Court's citations to the transcripts of the trial and the hearing refer to the court reporter's original, unedited versions.  Any final transcripts may contain slightly different page and/or line numbers.

need for the Court to rule on the summary judgment motions, as the purpose of summary judgment is to determine whether there are issues of fact that necessitate a trial. <u>See</u> Letter at 1. The four-page Letter supports Hi-Land Potato's and Worley's position with legal precedent and arguments based on the precedent provided. <u>See</u> Letter at 1-3. Hi-Land Potato and Worley asserts that it would be inappropriate to rule on the summary judgments motions at this point, after the Court has already heard the evidence at the bench trial. <u>See</u> Letter at 3. Notwithstanding their position that it is improper for the Court to rule on the summary judgment motions, Hi-Land Potato and Worley do not withdraw their motions, but state instead: "Should the Court determine that it will address the merits of the summary judgment motions, then Hi-Land and Worley ask the Court to rule on their summary judgment motions filed against Skyline and the Folson Farm Group and against Tan-O-On Marketing." Letter at 4.

On November 7, 2012, Skyline Potato and the Folson Farm Group filed their Motion to Strike, requesting that, in accordance with rule 12(f) of the Federal Rules of Civil Procedure, the Court enter an Order striking the Letter. <u>See</u> Motion to Strike at 1. Skyline Potato and the Folson Farm Group assert that, ignoring the Court's directive to withdraw their summary judgment motions if they did not want the Court to rule on them, Hi-Land Potato and Worley instead filed the Letter, which "fails to address whether their pending motions for summary judgment would be withdrawn or not, and impermissibly argues legal issues outside of a pending motion or an invitation by the Court to do so." Motion to Strike ¶ 3, at 2. Skyline Potato and the Folson Farm Group ague that, with regard to the substantive arguments within the Letter, the cases cited by Hi-Land Potato and Worley do not prohibit the Court ruling on the summary judgment motions, and contend that the Court should do so, because it will assist the parties in their briefing for their proposed findings of fact and conclusions of law. <u>See</u> Motion to Strike ¶ 4, at 2-3. Skyline Potato and the Folson Farm

Group also assert that the Court's opinion "is of widespread importance and interest to many members of the produce industry and the attorneys whose practices are dedicated to representing that industry." Motion to Strike ¶ 5, at 3. Skyline Potato and the Folson Farm Group request that the Court strike the Letter and grant "such other and further relief this Court deems just." Motion to Strike at 3.

On November 13, 2012, Hi-Land Potato and Worley filed their Defendants and Third Party Defendants Hi-Land Potato Company, Inc.'s and Carl Worley's Response to Plaintiff's and Intervening Plaintiff's Motion to Strike. See Doc. 321 ("Response"). Hi-Land Potato and Worley assert that it was their understanding that the Court wanted Hi-land Potato to state its position whether the Court should rule on the summary judgment motions, and that their Letter states their position. Response ¶ 1, at 1. Hi-Land Potato and Worley, in response to Skyline Potato and the Folson Farm Group's request that the Court strike the Letter, assert:

> Skyline/FFG rely on Fed. R. Civ. P. 12(f) as legal authority for their request that the Court strike Hi-Land's October 31 letter to the Court. The reliance is misplaced. Rule 12(f) authorizes the Court to strike redundant, immaterial, impertinent or scandalous matter contained in a pleading. The letter is not redundant, immaterial, impertinent or scandalous. It also is not a pleading. See Fed. R. Civ. P. 7(a).

Response ¶ 1 n.1, at 1. Hi-Land Potato and Worley contend that the Motion to Strike does not challenge or otherwise address their arguments that it would be inappropriate for the Court, in ruling on the summary judgment motions post-trial, not to consider evidence admitted at trial, and that "there is no continuing rationale for applying a summary judgment standard to the Court's review of evidence once trial has been completed, as opposed to simply weighing the evidence and reaching a final decision pursuant to Fed. R. Civ. P. 52(a)." Response ¶ 2, at 1-2. In response to Skyline Potato and the Folson Farm Group's contention that the summary judgment motion is important for the legal community litigating Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a - 499t,

("PACA") claims, Hi-Land Potato and the Folson Farm Group argue that they "seriously doubt[] that the agricultural world will suffer harm if the Court postpones its ruling until after the parties submit their written final argument and proposed findings of facts and conclusions of law." Response ¶ 3, at 2.  Hi-Land Potato and Worley assert that, because any ruling on the summary judgment motions without considering the evidence presented at the bench trial might subject the ruling "to possible modification and refinement," the Court should "not issue any substantive ruling at the present juncture . . . ."  Response ¶ 4, at 2-3.

On November 16, 2012, Skyline Potato and the Folson Farm Group filed their Plaintiff and Intervening Plaintiffs' Reply to Defendants Opposition to Motion to Strike October 31, 2012 Letter. See Doc. 322 ("Reply").  Skyline Potato and the Folson Farm Group argue that, while they do not dispute that "the factual issues presented by the motions for the summary judgment are likely moot given the trial," nothing in Hi-Land Potato and Worley's Letter or their Response provides a basis which compels the Court to decline ruling on the issues of law that predominate the summary judgment motions.  Reply ¶ 1, at 1-2.  Skyline Potato and the Folson Farm Group contend that the Letter "should be stricken given Hi-Land and Worley's ongoing refusal to comply with a simple Court directive to decide whether or not they will withdraw their pending motions for summary judgment."  Reply ¶ 2, at 3.

At the hearing on November 21, 2012, the Court asked the parties whether they would agree to the Court ruling on Hi-Land Potato's and Worley summary judgment motion against Skyline Potato and the Folson Farm Group, and Skyline Potato and the Folson Farm Group's cross-motion for partial summary judgment against Hi-Land Potato and Worley, but, rather than deciding whether to rule on the facts as they were developed at the trial or as they were developed in the briefing, the Court would issue the opinion on the Court's resolution of the issues of law, without making any

additional determinations whether there are genuine issues of material fact.  See Transcript of
Hearing at 2:25-5:16 (taken Nov. 21, 2012)(Court)("Tr.").  Skyline Potato stated that, because "the
legal issues . . . would be the driving factor behind what would be included in the findings of fact
and conclusions of law," it would agree to the Court's proposal.  Tr. at 5:17-24 (Jaramillo).  The
Folson Farm Group responded that they agree with Skyline Potato and would also agree to the
Court's proposal.  See Tr. at 6:7-9 (Esquivel).  Hi-Land Potato and Worley responded that they
"think it's appropriate for the Court to deny the motion to strike . . . . [and] appropriate for the Court
to deny Skyline [and] Folson Farm Group and [the] Hi-Land cross-motions, whether it's on the basis
of there being a question of fact or on the basis of [the motions] being moot . . . ."  Tr. at 6:14-19
(Bohnhoff).  Hi-Land Potato and Worley asserted that they believe "Skyline and Folson Farm Group
want the Court . . . to get something down in writing articulating what the Court provided from the
bench during the trial, because they want the Court to commit to that analysis.  So once something
is on paper there's less likely to be . . .  modification."  Tr. at 7:7-12 (Bohnhoff).  Hi-Land Potato
and Worley asked that the Court not accept Skyline Potato and the Folson Farm Group's invitation,
and asked that the Court not rule on the summary judgment motions.  See Tr. at 7:13-18 (Bohnhoff).
Skyline Potato responded that, if the Court does not rule on the summary judgment motions, leaving
the parties with the same guidance with regard to PACA law as they had before submitting their
motions, because their conclusions of law and written closing arguments would only reiterate their
arguments before  the Court's oral determinations of PACA law, and would not reflect any such oral
determinations, the written briefing for the findings of fact and conclusions of law, and the written
closing arguments, would be largely a waste of both the Court's and the parties' time.  See Tr. at
8:15-9:3 (Jaramillo).  The Folson Farm Group asserted that Hi-Land Potato and Worley want the
Court to give them "a second bite at the apple" to reargue the determinations of law that the Court

has already made and, for that reason, they request that the Court proceed with its proposal to provide the law it has developed thus far in working on the summary judgment motions. <u>See</u> Tr. at 9:6-17 (Esquivel). The Court denied the Motion to Strike. <u>See</u> Tr. at 9:19 (Court).

<u>LAW REGARDING MOTIONS TO STRIKE</u>

Rule 12(f) of the Federal Rules of Civil Procedures provides:

(f)     **Motion to Strike.**  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1)     on its own; or

(2)     on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . . .

5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted). <u>Accord</u> <u>Burget v. Capital W. Sec., Inc</u>., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)(Miles-LaGrange, C.J.)(citing <u>Scherer v. U.S. Dep't of Educ</u>., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.").

-9-

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)).  "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted).  Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material."  5C Wright & Miller, supra § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike.").  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party

complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'"

Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(Egan, J.))(internal quotation marks omitted)). "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710, *3 n.6 (10th Cir. 1998)(unpublished table decision)).

## ANALYSIS

For the reasons stated on the record, and for further reasons stated herein, the Court denies Skyline Potato and the Folson Farm Group's Motion to Strike. Under rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). By its express language rule 12(f) applies only to material contained in a "pleading." The Federal Rules of Civil Procedure includes within "pleadings" that may be filed: a complaint, an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)(1-7). Although the Federal Rules of Civil Procedure state what pleadings are permitted, but do not define pleadings, the pleadings allowed under the rules state the respective parties' positions regarding the basis of the lawsuit. Specifically, the pleadings provide the parties' factual assertions -- which are the only factual assertion on which a court may rely in ruling on a motion to dismiss and on a ruling for judgment

on the pleadings -- bases for relief and defenses.  Under the rules, a party may therefore move to strike a pleading that pleads an insufficient defense, and redundant, immaterial, impertinent, or scandalous matter, as such information is either immaterial or improper for a court to consider at the pleading stage.  Here, the pleading stage of the case has long since passed, and the Letter that Hi-Land Potato and Worley provided to the Court, does not plead any defense and does not plead any matter.  Rather, the letter states Hi-Land Potato and Worley's position regarding whether the Court should rule on the summary judgment motions still pending at the close of the bench trial. Regardless whether Hi-Land Potato and Worley misunderstood the Court's direction at trial -- that the parties advise the Court whether the parties consent to withdrawing their motion while the Court researches whether it may properly rule on the motions for summary judgment after a trial -- the Letter is not a pleading.  Accord  Applied Capital, Inc. v. Gibson, No. CIV 05-0098 JB/ACT, 2007 WL 5685131, at *7 (D.N.M. Sept. 27, 2007)(Browning, J.)("Under rule 7(a), motions and other papers are not pleadings.")(citing Fed. R. Civ. P. 7(a)).

"Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  2 James Moore, Milton I. Shadurupdates & Mary P. Squiers, Moore's Federal Practice § 12.37[2], at 12-128 (3d ed. 2012).  See Ysais v. N. M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (same).  The Court has generally disfavored motions to strike, and has refused to strike matters that are not pleadings.  In Ysais v. N.M. Judicial Standard Comm'n, where the plaintiff argued that the Court should dismiss the defendants' motion to dismiss, contending that it was "frivolous and baseless," the Court concluded that it could not properly strike the motion, as "[i]t complie[d] with the local rules, and it [was] not a 'pleading' subject to a motion to strike." 616 F. Supp. 2d at 1191.  Similarly, in Applied Capital, Inc. v. Gibson,

the Court refused the plaintiff's request to strike, because rule 12(f) applies only to pleadings, and not to a motion to dismiss, notwithstanding the plaintiff's argument that the Court should strike the motion as there had already been a default judgment entered against the plaintiff and he did not therefore have standing to move to dismiss the complaint.  <u>See</u> 2007 WL 5685131, at *18.  In <u>Great Am. Ins. Co. v. Crabtree</u>, No. CIV 11-1129 JB/KBM, 2012 WL 3656500 (D.N.M. Aug. 23, 2012)(Browning, J.), the Court denied the plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were not pleadings and were not irrelevant.  <u>See</u> 2012 WL 3656500, at *18.  In deciding not to strike the attached exhibits, the Court noted:

> If the Court struck from the record everything it did not consider on a motion, it would spend a lot of time polishing the record. Also, with the Court being paperless and everything appearing on CM/ECF, it is unclear what the procedural difference in the modern computer world is between striking some information and ignoring it.

<u>Great Am. Ins. Co. v. Crabtree</u>, 2012 WL 3656500, at *18.

Accordingly, the Court has, in the past, recognized that, although it may only strike pleadings under rule 12(f), it may, consistent with its local rules, choose not to consider certain matters.  In <u>McGuire-Pike v. Ameri-CK, Inc.</u>, No. CIV 04-0705 JB/ACT, slip op. (D.N.M. July 23, 2006)(Browning, J.)(unpublished), the Court refused the plaintiff's request to strike a motion to dismiss filed by a non-party, reasoning that "Rule 12(f) provides for striking only pleadings, and a motion to dismiss or a response to a motion to amend is not listed as a pleading under rule 7(a)." <u>McGuire-Pike v. Ameri-CK, Inc.</u>, No. CIV 04-0705 JB/ACT, at *4.  The Court concluded, however, that it would "decline to consider the motion because of the deficit[] [of it being filed by a non-party] that [the plaintiff] points out." <u>McGuire-Pike v. Ameri-CK, Inc.</u>, No. CIV 04-0705 JB/ACT, at *4.  In <u>Lane v. Page</u>, 250 F.R.D. 634 (D.N.M. 2007)(Browning, J.), where the plaintiff moved to strike a reply brief that the defendant filed outside of the time period permitted by the local rules,

the Court noted that, while it could not properly strike the brief as it was not a pleading, "because [the defendant]'s Reply is untimely, the Court could, consistent with its local rules, choose not to consider it." 250 F.R.D. at 642. The Court noted, however, that both the local rules and Tenth Circuit case law permit the Court to waive the application of any local rule to avoid injustice. See 250 F.R.D. at 642 (citing Hernandez v. George, 793 F.2d 264, 266-67 (10th Cir. 1986)(citing the District of New Mexico's local rules and noting that "[t]his court has also recognized that district courts have discretion in applying local rules")). The Court noted that the defendant "had a right to file a timely reply; that he filed a late reply does not give him any strategic advantage that he otherwise would not have." Lane v. Page, 250 F.R.D. at 642. The Court concluded that the late filing did not prejudice the plaintiff, because the plaintiff's motion to strike was effectively a surreply to the untimely reply, and the Court allowed "the parties all the time they wanted to make any arguments [regarding the original motion and the motion to strike] they wanted." 250 F.R.D. at 642. The Court thus denied the motion to strike and declined its own invitation not to consider the reply. See 250 F.R.D. at 642 ("Accordingly, pursuant to its authority under the local rules and Tenth Circuit case law, and consistent with the Court's preference for deciding the parties' motions on the merits rather than on procedural technicalities, the Court will consider [the] Reply.").

While Skyline Potato and the Folson Farm Group point out in their Motion to Strike that Hi-Land Potato and Worley are requesting the Court to take action -- or inaction -- by requesting that the Court decline ruling on the summary judgment motions, no party contends that the Letter is a motion. Regardless whether the Letter might be analogous to a motion, because Hi-Land Potato and Worley's Letter is not a pleading, the Court cannot properly strike the Letter under rule 12(f) and declines to do so. See Searcy v. Soc. Sec. Admin., 1992 WL 43490, at *1, *4 ("[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda.").

-14-

As the Court noted in McGuire-Pike v. Ameri-CK, Inc. and Lane v. Page, the Court has discretion to decline to consider Hi-Land Potato's and Worley's request.  That the Letter was filed by a party distinguishes the Letter from the non-party motion that the Court refused to consider in McGuire-Pike v. Ameri-CK, Inc.  While the Letter containing  Hi-Land Potato's and Worley's arguments to support their position about not deciding their motions for summary judgment may have surprised Skyline Potato and the Folson Farm Group, they were not without a chance to rebut the arguments. Rather, as in Lane v. Page, Skyline Potato's and the Folson Farm Group's Motion to Strike and Reply allowed them to respond to Hi-Land Potato's and Worley's arguments.  Moreover, where the Court noted that it allowed the parties to provide the Court will all of their relevant arguments regarding the merits of the late response and whether to strike the response in Lane v. Page, here, the Court allowed all of the parties adequate time at the hearing on the Motion to Strike to make all arguments that they wanted, both on the merits of the Court's deciding the pending motions and on whether the Court should strike the Letter.

The Court invited the parties to help determine whether the Court should or could rule on the pending summary judgment motions.  Similar to the situation in Lane v. Page, where the Court considered the untimely reply brief where the defendant had the right to file the reply, Hi-Land Potato and Worley had the right to file their Letter, because the Court, at the trial, gave them leave until October 31, 2012, the day they filed the Letter, to advise the Court whether to rule on their summary judgment motions.  Where the Court considered the reply in Lane v. Page notwithstanding that its untimely filing violated the local rules, Hi-Land Potato's and Worley's Letter, as it was timely filed pursuant to the Court's grant of leave, is distinguishable and not violative of the local rules.  While the Court expected that, if the parties did not want the Court to rule on the motions for summary judgment, they would withdraw them, that option did not present itself.  Skyline Potato

-15-

and the Folson Farm Group wanted the Court to rule on its motion, and thus Hi-Land Potato and

Worley were forced to argue for the Court to not decide the motions.  Hi-Land Potato and Worley

provided their reasoning through the Letter; Skyline Potato and the Folson Farm Group expressed

their position through the briefs on their Motion to Strike.  Each party has thus had a full opportunity

to express their position and support for their position to the Court, and, as the Court reasoned in

Lane v Page, the Letter did not give Hi-Land Potato and Worley any advantage they would not

otherwise have had.  There is no need to strike Hi-Land Potato's and Worley's mechanism for

explaining the issues and  expressing their position.  Accordingly, as to the substance of Hi-Land

Potato's and Worley's letter, the Court should be cautious about ruling on a motion for summary

judgment after the trial.  There is now an extensive record, and the Court should be hesitant to ignore

that record.  On the other hand, the Court has worked very hard on the summary judgment motions,

and the legal issues are not going away.  The Court will therefore decide whatever motions for

summary judgment have not been withdrawn.  The Court will do nothing further with the factual

sections of its opinions, but will release the legal sections to give guidance to the parties as they

prepare their findings of fact and conclusions of law,  and their written closing arguments.  The

Court will also deny the motions for summary judgment.  The Court, therefore, will deny Skyline

Potato and the Folson Farm Group's Motion to Strike.

 **IT IS ORDERED** that : (i) the requests in the (i) Letter from Defendants and Third-Party

Defendants Hi-Land Potato Company, Inc. and Carl Worley to the Court (dated October 31, 2012),

filed Oct. 31, 2012 (Doc. 318), are granted in part and denied in part; and (ii) Plaintiff and

Intervening Plaintiffs' Motion to Strike October 31, 2012 Letter Filed by Defendants and Third-

Party Defendants Hi-Land Potato Company and Carl Worley, filed Nov. 7, 2012 (Doc. 319), is

denied.  The Court will not work any further on the factual sections of its Memorandum and Opinion

Order denying the remaining motions for summary judgment, but will issue an opinion providing

guidance on the legal issues.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James T. Burns
Heather S. Jaramillo
Patrick J. Griebel
Albuquerque Business Law, P.C.
Albuquerque New Mexico

-- and --

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

       *Attorneys for Intervening Plaintiffs Folson Farm Corporation; Potandon Produce,*
         *L.L.C.; Mart Produce Corporation; Billingsley Produce Sales, Inc.; Alsum*
         *Produce, Inc.; and Peterson Bros. River Valley Farms, Inc.*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

>    *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley*

Gordon H. Rowe III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

>    *Attorneys for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

>    *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald Anderson, and Julie Anderson*

Benjamin F. Feuchter
William Spencer Reid
Keleher & McLeod, P.A.
Albuquerque, New Mexico

>    *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*