IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLINE POTATO COMPANY, INC.,
A Colorado Corporation,

        Plaintiff,

vs.                                                                                                    No. CIV 10-0698 JB/RHS

TAN-O-ON MARKETING, INC. d/b/a TMI;
a Colorado corporation with a principal place
of business in New Mexico; HI-LAND POTATO
COMPANY, INC., a Colorado corporation;
GERALD R. ANDERSON, in his individual
capacity and As Director/Shareholder of Tan-O-On
Marketing Inc.; JULIE A. ANDERSON, in her
individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc.; MARK LOUNSBURY,
in his individual capacity and as Director/Shareholder
of Tan-O-On Marketing Inc.; BILL METZ, in his
individual capacity and as Director/Shareholder of
Tan-O-On Marketing Inc.; and CARL WORLEY,
in his individual capacity, as Director/Shareholder of
Tan-O-On Marketing Inc., and as Director/Shareholder
Hi Land Potato Company,

        Defendants,

and

FOLSOM FARM CORPORATION,
POTANDON PRODUCE, L.L.C.,
MART PRODUCE CORPORATION,
BILLINGSLEY PRODUCE SALES,
INC., ALSUM PRODUCE, INC., and
PETERSON BROS. RIVER VALLEY
FARMS, INC.,

        Intervening Plaintiffs,

vs.

TAN-O-ON MARKETING, INC. d/b/a TMI, and
HI-LAND POTATO COMPANY, INC.,

    Defendants,

and

TAN-O-ON MARKETING, INC. d/b/a TMI;
GERALD R. ANDERSON, JULIE A. ANDERSON,

    Third-Party Plaintiffs,

vs.

HI-LAND POTATO COMPANY, INC.;
and CARL WORLEY, RPE, INC.
and RUSSELL WYSOCKI

    Third-Party Defendants.

## FINAL JUDGMENT

**THIS MATTER** comes before the Court on: (i) the Court's Memorandum Opinion and Order, filed January 24, 2011 (Doc. 23)("MTD MOO"); (ii) the Court's Default Judgment Order at 2, filed March 23, 2012 (Doc. 140); (iii) the Court's Stipulated Order Granting Joint Motion for Dismissal of Certain Claims by Plaintiff Skyline Potato Company Against Defendant Tan-O-On Marketing, filed April 18, 2012 (Doc. 158)("Stipulated Order"); (iv) the parties' Stipulation for Voluntary Dismissal of Claims Asserted by Intervening Plaintiff Potandon Produce, L.L.C. Against Defendant Tan-O-On Marketing, Inc. and Third Party Defendants Hi-Land Potato Company, Inc. and Carl Worley, filed April 25, 2012 (Doc. 167)("Potandon Produce Stipulation"); (v) the Court's Default Judgment, filed June 21, 2012 (Doc. 205); (vi) the Court's Memorandum Opinion and Order, filed July 4, 2012 (Doc. 214)("Motion to Amend MOO"); (vii) the parties' Stipulation of Dismissal of All Claims Against RPE, Inc., and Russell Wysocki with Prejudice, filed August 14, 2012 (Doc. 257); (viii) the hearing that the Court held on

September 27, 2012, see Transcript of Hearing (taken September 27, 2012);[1] (vi) the Pretrial Order, filed October 18, 2012 (Doc. 315); and (ix) the Court's Findings of Fact, Conclusions of Law, and Order, filed January 31, 2013 (Doc. 372)("Court's FOF and COL").

     **1.**    **Skyline Potato's Claims**.

In Plaintiff Skyline Potato Company, Inc.'s Petition for Enforcement of USDA PACA Order and Award of Damages; Complaint for violation of Federal Unfair Trade Practices Provision in PACA (7 USC 499b),[2] Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Fraud, Money Owed on Open Account, and Prayer for Declaratory Relief and Piercing of the Corporate Veil, filed July 23, 2010 (Doc. 2)("Skyline Potato's Original Complaint"), it raised the following causes of action, without distinguishing among the Defendants: (i) "Petition for Enforcement of Order and Collection Under the PACA Trust," Skyline Potato's Original Complaint at 7-8; (ii) "Violation of PACA Unfair Business Conduct Provision," Skyline Potato's Original Complaint at 9; (iii) "Breach of Written Contract," Skyline Potato's Original Complaint at 9-10; (iv) "Breach of Implied Covenants of Good Faith and Fair Dealing," Skyline Potato's Original Complaint at 10-12; (v) "Quantum Meruit," Skyline Potato's Original Complaint at 12; (vi) "Conversion," Skyline Potato's Original Complaint at 12; "Fraud," Skyline Potato's Original Complaint at 13-14; (vii) "Money Due on an Open Account," Skyline Potato's Original Complaint at 14-15; and (viii) "Prayer for the Remedy of 'Peircing the Corporate Veil,'" Skyline Potato's Original Complaint at 15-16.  Skyline Potato named the following entities as the Defendants: Tan-O-On Marketing; Hi-Land Potato Company; Gerald Anderson; Julie Anderson; Mark Lounsbury, and Bill Metz in their "individual capacity[ies] and

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

[2] "PACA" refers to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a-t.

as Director[s]/Shareholder[s] of Tan-O-On Marketing"; and Carl Worley, individually, "as Director/Shareholder of Tan-O-On Marketing Inc., and as Director/Shareholder of Hi-Land Potato Company." Skyline Potato's Original Complaint at 1.

In its Memorandum Opinion and Order, filed January 24, 2011 (Doc. 23)("MTD MOO"), the Court granted: i) the Motion to Dismiss as to Defendant Bill Metz, filed September 13, 2010 (Doc. 7); (ii) the Motion to Dismiss as to Defendant Mark Lounsbury, filed September 13, 2010 (Doc. 9); and (iii) the Unopposed Motion to Dismiss Defendants Hiland [sic] Potato Company, Mark Lounsbury, Bill Metz, and Carl Worley Without Prejudice, filed September 22, 2010 (Doc. 12), thereby dismissing Metz, Lounsbury, Carl Worley, and Hi-Land Potato. See MTD MOO at 9.

At a hearing held on October 3, 2011, the Court granted Skyline Potato Company's Opposed Motion for Leave to File Amended Complaint, filed June 7, 2011 (Doc. 54). The Court memorialized this decision in its Memorandum Opinion and Order, filed November 23, 2011 (Doc. 83), and its Amended Memorandum Opinion and Order, filed December 2, 201 (Doc. 85).

In its First Amended Petition and Complaint, Prayer for Declaratory Relief and Piercing of the Corporate Veil, filed October 21, 2011 (Doc. 73)("Skyline Potato's First Amended Complaint"), Skyline Potato asserts the following claims, without distinguishing among the Defendants for each claim: (i) "Petition for Enforcement of Order and Collection Under the PACA Trust," Skyline Potato's First Amended Complaint ¶¶ 37-51, at 7-9; (ii) "Violation of PACA Unfair Business Conduct Provision," Skyline Potato's First Amended Complaint ¶¶ 52-57, at 9-10; (iii) "Breach of Written Contract," Skyline Potato's First Amended Complaint ¶¶58-65, at 10-11; (iv) "Breach of Implied Covenants of Good Faith and Fair Dealing," Skyline Potato's First Amended Complaint ¶¶66-77, at 11-12; (v) "Quantum Meruit," Skyline Potato's

First Amended Complaint ¶¶78-80, at 12-13; (vi) "Conversion and Unlawful Retention of Plaintiff's Property and PACA Trust Assets," Skyline Potato's First Amended Complaint ¶¶ 81-89, at 13-14; (vii) fraud, see Skyline Potato's First Amended Complaint ¶¶ 90-97, at 14-15; (viii) "Money Due on an Open Account," Skyline Potato's First Amended Complaint ¶¶ 98-101, at 15-16; (ix) "Violation of PACA -- Failure to Maintain PACA Trust Assets and Creation of a Common Fund," Skyline Potato's First Amended Complaint ¶¶102-108, at 16-17; (x) fraudulent transfer, see Skyline Potato's First Amended Complaint ¶¶ 109-115, at 17; (xi) "Constructive Trust," Skyline Potato's First Amended Complaint ¶¶116-121, at 18; and (xii) "Prayer for the Remedy of 'Peircing [sic] the Corporate Veil,'" Skyline Potato's First Amended Complaint ¶¶122-126, at 19-20.  Skyline Potato named the following as the Defendants: Tan-O-On Marketing; Hi-Land Potato; Gerald Anderson; Julie Anderson; and Carl Worley.  Skyline Potato's First Amended Complaint at 1.

In the Court's Stipulated Order Granting Joint Motion for Dismissal of Certain Claims by Plaintiff Skyline Potato Company Against Defendant Tan-O-On Marketing, filed April 18, 2012 (Doc. 158)("Stipulated Order"), the Court granted the parties' Joint Motion for Dismissal of Certain Claims by Plaintiff Skyline Potato Company against Defendants Tan-O-On Marketing, Inc.[,] Hi-Land Potato Company, Inc., and Carl Worley, filed April 17, 2012 (Doc. 155) and dismissed a number of claims.  As against Tan-O-On Marketing, the Court dismissed Skyline Potato's claims for: (iv) "Breach of Implied Covenants of Good Faith and Fair Dealing"; (v) "Quantum Meruit"; (vii) fraud; (viii) "Money Due on an Open Account"; (x) fraudulent transfer; (xi) "Constructive Trust"; and (xii) "Prayer for Remedy of Piercing the Corporate Veil." Stipulated Order at 2. Against Hi-Land Potato and Carl Worley, the Court dismissed:  (i) "Petition for Enforcement of Order and Collection Under the PACA Trust," (ii) "Violation of

PACA Unfair Business Conduct Provision"; (iii) "Breach of Written Contract"; (iv) "Breach of Implied Covenants of Good Faith and Fair Dealing"; (vii) fraud; (viii) "Money Due on an Open Account"; (ix) "Violation of PACA -- Failure to Maintain PACA Trust Assets and Creation of a Common Fund"; and (xii) "Prayer for the Remedy of Piercing the Corporate Veil." Stipulated Order at 2-3.

In their Stipulation for Voluntary Dismissal of Claims Asserted by Intervening Plaintiff Potandon Produce, L.L.C. Against Defendant Tan-O-On Marketing, Inc. and Third Party Defendants Hi-Land Potato Company, Inc. and Carl Worley, filed April 25, 2012 (Doc. 167)("Potandon Produce Stipulation"), the parties stipulated to dismiss all claims by Potandon Produce, L.L.C. against Tan-O-On Marketing, Hi-Land Potato, and Carl Worley. See Potandon Produce Stipulation at 1.

Court entered default judgment on Skyline Potato's PACA claims against Tan-O-On Marketing. See Default Judgment Order at 2, filed March 23, 2012 (Doc. 140).

During summary judgment briefing, Skyline Potato abandoned a number of claims. The Court held a hearing on multiple motions for summary judgment on September 27, 2012, where Skyline Potato confirmed that it had abandoned all but the PACA claims. See Transcript of Hearing at 4:20-5:5 (taken September 27, 2012)(Bohnhoff, Court, Jaramillo).

In the Pretrial Order, filed October 18, 2012 (Doc. 315), Skyline Potato indicated that it brought a claim only with respect to the alleged breach of the PACA trust. See Pretrial Order at 4.

  **2.  The Folson Farm Group's Claims**.

In their Complaint in Intervention, filed July 8, 2011 (Doc. 60), Intervening Plaintiffs Folson Farm Corporation, Mart Produce Corporation, Billingsley Produce Sales, Inc., Alsum

Produce, Inc., and Peterson Bros. River Valley Farms, Inc. (collectively, "the Folson Farm Group") asserted claims for: (i) "Declaratory Relief Validating PACA Trust Claim" against Tan-O-On Marketing, Complaint in Intervention ¶¶6-16, at 4-6; (ii) "Enforcement of Payment From PACA Trust Assets" against Tan-O-On Marketing, Complaint in Intervention ¶¶ 17-21, at 6-7; (iii) "Violation of the PACA: Failure To Maintain PACA Trust Assets and Creation of Common Fund" against Tan-O-On Marketing, Complaint in Intervention ¶¶ 22-28 78; (iv) "Violation of PACA: Failure to Pay Promptly" against Tan-O-On Marketing, Complaint in Intervention ¶¶ 29-34, at 8-9; (v) breach of contract against Tan-O-On Marketing, see Complaint in Intervention ¶¶ 35-39, at 9-10; (vi) "Conversion and Unlawful Retention of PACA Trust Assets" against Hi-Land Potato, Complaint in Intervention ¶¶ 40-45, at 10-11; (vii) fraudulent transfer against Hi-Land Potato, see Complaint in Intervention ¶¶46-53, at 11-12; (viii) "Constructive Trust" against Hi-Land Potato, Complaint in Intervention ¶¶54-58, at 12-13; and (ix) unjust enrichment against Hi-Land Potato, see Complaint in Intervention ¶¶59-63, at 13-14.

During summary judgment briefing, the parties abandoned a number of claims. The Court held a hearing on multiple motions for summary judgment on September 27, 2012, where the Court recognized, and the Folson Farm Group confirmed, that it had abandoned all but the PACA claims. See Transcript of Hearing at 4:1-9 (taken September 27, 2012)(Court, Esquivel).[3]

In the Pretrial Order, Skyline Potato and the Folson Farm Group indicated that they brought a claim only with respect to the alleged breach of the PACA trust. See Pretrial Order at 4.

### 3. G. Anderson's, J. Anderson's, and Tan-O-On Marketing's Claims.

In G. Anderson and J. Anderson's Third Party Complaint for Fraud, filed February 22,

---

[3] Although the transcript of the hearing identifies Katy Koestner Esquivel only as an "unidentified speaker," Transcript of Hearing at 4:9, from the context, it is evident that the Folson Farm Group's counsel, Ms. Esquivel, made this statement.

2011 (Doc. 26)("Andersons' Complaint"), G. Anderson and J. Anderson purported to assert various fraud claims against Hi-Land Potato and Carl Worley.  Andersons' Complaint at 1-4.

In what is labeled on the docket as Tan-O-On Marketing's, G. Anderson's, and J. Anderson's "Amended Third-Party Complaint for Fraud and Theft of Trade Secrets and Unjust Enrichment," filed October 14, 2011 (Doc. 72), those parties purported to assert, under a single heading, claims for "Fraud, Unjust Enrichment Theft or Conversion of Trade Secrets and Corporate and Personal Assets" against Hi-Land Potato, Carl Worley, and two additional Defendants -- RPE, Inc. and Russell Wysocki.  Amended Third-Party Complaint at 3.

The Court entered default judgment on the Folson Farm Group's PACA claims against Tan-O-On Marketing.  See Default Judgment at 1-2, filed June 21, 2012 (Doc. 205).

In its Memorandum Opinion and Order, filed July 4, 2012 (Doc. 214)("Motion to Amend MOO"), the Court granted in part and denied in part:  (i) Tan-O-On Marketing Inc.'s Motion to Amend Third Party Complaint for Fraud and Theft of Trade Secrets and Unjust Enrichment, filed February 2, 2012 (Doc. 105); and (ii) Defendants Hi-Land Potato Company, Inc.'s and Carl Worley's Motion to Dismiss Fraud and Fraud-Related Claims in Third Party Complaint and to Dismiss Claims Filed by Gerald and Julie Anderson in Their Individual Capacities, filed February 7, 2012 (Doc. 109).  Motion to Amend MOO at 67-68.  The Court explained:

> The Court will permit Defendant Tan-O-On Marketing to assert only claims for unjust enrichment and theft of trade secrets against Third-Party Defendants RPE, Inc. and Russell Wysocki consistent with the allegations presented in Tan-O-On Marketing's Second Amended Third Party Complaint for Fraud and Theft of Trade Secrets and Unjust Enrichment and Unfair Trade Practices, filed February 2, 2012 (Doc. 105-1).  The Court will not permit Tan-O-On Marketing to assert any other claim against the RPE, Inc. Parties.  The Court will not permit Tan-O-On Marketing to assert a common-law fraud claim against Defendants Hi-Land Potato Company and Carl Worley.  The Court will not permit Tan-O-On Marketing to assert a claim under the New Mexico Unfair Practices Act, N.M.S.A. 1978, §§ 57-12-1 to -26, against the Hi-Land Potato Parties.  The Court will permit Tan-O-On Marketing to assert a

> fraudulent-conveyance claim against Hi-Land Potato consistent with the fraudulent-conveyance claim presented in Tan-O-On Marketing's Second Amended Third-Party Complaint. The Court will permit Tan-O-Marketing to assert claims for unjust enrichment and theft of trade secrets against the Hi-Land Potato Parties consistent with the allegations in its Second Amended Third-Party Complaint.

Motion to Amend MOO at 68.

In their Amended Third Party Complaint for Fraudulent Conveyance and Theft of Trade Secrets and Unjust Enrichment, filed July 26, 2012 (Doc. 240)("Tan-O-On Marketing's Second Amended Complaint"), Tan-O-On Marketing asserted claims for: (i) fraudulent conveyance against Hi-Land Potato, see Tan-O-On Marketing's Second Amended Complaint ¶¶ 39-62, at 8-12; (ii) theft of trade secrets and proprietary information against Hi-Land Potato, see Tan-O-On Marketing's Second Amended Complaint ¶¶ 62-80, at 12-17; (iii) theft of trade secrets against RPE, Inc. and Russell Wysocki, Tan-O-On Marketing's Second Amended Complaint ¶¶ 81-103, at 17-22; (iv) "Unjust Enrichment and Unfair Trade Practice" against RPE, Inc. and Russell Wysocki, Tan-O-On Marketing's Second Amended Complaint ¶¶102-108, at 22-23; and (v) unjust enrichment against Hi-Land Potato and Carl Worley, see Tan-O-On Marketing's Second Amended Complaint ¶¶ 109-113, at 24-25.

In their Stipulation of Dismissal of All Claims Against RPE, Inc., and Russell Wysocki with Prejudice, filed August 14, 2012 (Doc. 257), the parties informed the Court that they stipulated to "dismissal with prejudice of any and all claims that any of them asserted, or could have asserted, in this matter against Third-Party Defendant RPE, Inc., Third-Party Defendant Russell Wysocki, or their respective employees, agents, and/or assigns." Stipulation of Dismissal of All Claims Against RPE, Inc., and Russell Wysocki with Prejudice at 1. The parties also informed the Court that, "following said dismissal, there are no claims remaining in this matter against" RPE, Inc. or Wysocki, "and they are no longer parties to this action."

Stipulation of Dismissal of All Claims Against RPE, Inc., and Russell Wysocki with Prejudice at 1-2.

In the Pretrial Order, G. Anderson, J. Anderson, and Tan-O-On Marketing indicated that they brought claims for theft of trade secrets, fraudulent conveyance, and unjust enrichment against Hi-Land Potato and Carl Worley.  See Pretrial Order at 5.

### 4. Hi-Land Potato and Carl Worley.

In Third-Party Defendant Hi-Land Potato Company, Inc.'s and Carl Worley's Answer to Third-Party Complaint for Fraudulent Conveyance, Theft of Trade Secrets, and Unjust Enrichment, and Counterclaim Against Tan-O-On Marketing, Inc., filed August 10, 2012 (Doc. 256), Hi-Land Potato and Carl Worley contend that, if the Court finds them liable to Skyline Potato or the Folson Farm Group, they are "entitled to indemnification, contribution, and/or subrogation against [Tan-O-On Marketing] for the amount of such liability."  Third-Party Defendant Hi-Land Potato Company, Inc.'s and Carl Worley's Answer to Third-Party Complaint for Fraudulent Conveyance, Theft of Trade Secrets, and Unjust Enrichment, and Counterclaim Against Tan-O-On Marketing, Inc. at 13.  In Third-Party Defendant Hi-Land Potato Company, Inc.'s and Carl Worley's Amended Answer to Third-Party Complaint for Fraudulent Conveyance, Theft of Trade Secrets, and Unjust Enrichment, and Counterclaim Against Tan-O-On Marketing, Inc., filed August 15, 2012 (Doc. 259), Hi-Land Potato and Carl Worley assert the same theory of liability.  See Third-Party Defendant Hi-Land Potato Company, Inc.'s and Carl Worley's Amended Answer to Third-Party Complaint for Fraudulent Conveyance, Theft of Trade Secrets, and Unjust Enrichment, and Counterclaim Against Tan-O-On Marketing, Inc. at 13.

In the Pretrial Order, Hi-Land Potato indicated that the Court should offset its liability, if

any, from G. Anderson and Tan-O-On Marketing's assets.  See Pretrial Order at 4.

      5.      **The Court's FOF and COL.**

In the Court's FOF and COL, the Court concluded that: (i) Hi-Land Potato and Carl Worley are not liable to Tan-O-On Marketing or G. Anderson and J. Anderson for theft of trade secrets, fraudulent conveyance, unjust enrichment, or otherwise, see Court's FOF and COL at 184-85; and (ii) Hi-Land Potato and Carl Worley are not liable to Skyline Potato or the Folson Farm Group for any alleged violations of the PACA trust or otherwise.  See Court's FOF and COL at 184-85.  Because Hi-Land Potato and Carl Worley are not liable to any entity, the Court, therefore, dismissed Hi-Land Potato's and Carl Worley's counterclaim for any form of liability offset.  See Court's FOF and COL at 184-85.

Because the Court's MTD MOO, the Court's Default Judgment Order, the Court's Stipulated Order, the parties' Potandon Produce Stipulation, the Court's Default Judgment, the Court's Motion to Amend MOO, the parties' Stipulation of Dismissal of All Claims Against RPE, Inc., and Russell Wysocki with Prejudice, the parties' concessions at the hearing that the Court held on September 27, 2012, the Pretrial Order, and the Court's Findings of Fact, Conclusions of Law, and Order dispose of all claims and parties before the Court, the Court finds that entry of final judgment is appropriate.

**IT IS ORDERED** that: (i) all claims against all parties are dismissed; and (ii) final judgment is entered.

                                                                _____
                                                                 UNITED STATES DISTRICT JUDGE

*Counsel:*

Justin P. Pizzonia
Johanna A. Pickel
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

James T. Burns
Heather S. Jaramillo
Patrick J. Griebel
Albuquerque Business Law, P.C.
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Justin P. Pizzonia
Gonzalez & Pizzonia LLC
Albuquerque, New Mexico

-- and --

Katy Koestner Esquivel
Meuers Law Firm, PL
Naples, Florida

  *Attorneys for Intervening Plaintiffs Folson Farm Corporation, Potandon Produce, L.L.C., Mart Produce Corporation, Billingsley Produce Sales, Inc., Alsum Produce, Inc., and Peterson Bros. River Valley Farms, Inc.*

Gordon H. Rowe, III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

-- and --

Henry M. Bohnhoff
Leslie McCarthy Apodaca
Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

  *Attorneys for Defendants and Third-Party Defendants Hi-Land Potato Company, Inc. and Carl Worley*

- 13 -

Gordon H. Rowe, III
The Rowe Law Firm, P.C.
Albuquerque, New Mexico

 *Attorney for Defendants Mark Lounsbury and Bill Metz*

Shannon Robinson
Albuquerque, New Mexico

 *Attorney for Defendants and Third-Party Plaintiffs Tan-O-On Marketing Inc., Gerald R. Anderson, and Julie A. Anderson*

William Spencer Reid
Benjamin F. Feuchter
Keleher & McLeod, P.A.
Albuquerque, New Mexico

 *Attorneys for Defendants and Third-Party Defendants RPE, Inc. and Russell Wysocki*